ROLAND JONES SHANKLAND MARSH and LILLIAN META MARSH, Infants, by EVERETT F. WARRINGTON, Their Guardian ad Litem, Appellants, *v.* IRVING WOODWORTH and THE COMMERCIAL TRUST COMPANY OF NEW YORK, as Trustees, Appointed by the Supreme Court to Execute the Trust Created by the Last Will and Testament of ROLAND D. JONES, Deceased, and Others, Respondents.

First Department, December 7, 1917.

**Will — construction — defense — counterclaim — parties plaintiff.**

In an action by infant beneficiaries under a will for the construction thereof in which no other relief is asked, brought against trustees appointed to execute a trust, an allegation as a defense that the plaintiffs' general guardian who administered the estate for sometime has never accounted is not within the issues tendered by the plaintiffs and neither constitutes a defense to their action nor is it a proper counterclaim thereto, for it

does not in any manner tend to diminish or defeat the recovery or relief which the plaintiffs seek.

The plaintiffs cannot be required to join in the action persons who have from time to time administered the estate so as to enable the defendant trustees to have such persons account to them for their administration.

APPEAL by the plaintiffs, Roland Jones Shankland Marsh and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1917, granting a motion by the respondent trustees for judgment on the pleadings, and dismissing the complaint, unless the plaintiffs amend by bringing in omitted parties claimed to be necessary to the action.

*William T. Tomlinson,* for the appellants.

*James B. Butler,* for the respondent trustees.

LAUGHLIN, J.:

This is an action for the construction of the provisions of the will of Roland D. Jones, deceased, creating a trust for the benefit of the plaintiffs and the defendant Roland D. J. Raught, his grandchildren. No facts are alleged upon which the plaintiffs would be entitled to any other relief in this action and a construction of the will is the only relief they demand, with the exception that they ask that in the event that an order heretofore made by the Supreme Court sustaining the validity of the trust provisions of the will, from which an appeal has been taken by the defendant Nettie Raught, the only living sister of the testator, should be reversed and the said provisions be declared invalid, then they ask that an adjudication be made with respect to the proportionate share or interest they take in the property which is the subject of the trust.

The respondents trustees, who were appointed by an order of the Supreme Court to execute the trust owing to the failure of the testator to name trustees, by their answer put in issue certain allegations of the complaint with respect to the interest of the plaintiffs in the income from and in the corpus of the trust and with respect to the value of the real estate left by the testator. They then allege as a further answer and a second separate and further defense and as a partial defense

and counterclaim, in substance, that the estate was admin-
istered for a period by administrators with the will annexed,
and that for a period after the revocation of the probate of
the will it was administered by the heirs of the testator, and
that for a period after the entry of judgment reversing the
judgment revoking the probate of the will part of the estate
was administered by the defendant Nettie Raught and the
trustee Warrington, who was the general guardian of the
three infant beneficiaries and was one of the administrators
with the will annexed and is the guardian *ad litem* for the
plaintiffs, *as agents for whom it might concern,* or that it was
so administered during said last named period by the adminis-
trators with the will annexed consisting of said Warrington
and one Weed. They also allege that none of the parties
who so administered the estate have ever accounted; and also
that the administrators with the will annexed leased a hotel
which was part of the estate, and that the lessee claims that
there is money due to him under the lease and that there has
been no settlement with respect thereto, and that the trustees
do not know whether the lessee is indebted to the estate or
the estate is indebted to him. The trustees further allege
that they do not know whether any life tenant or heir has
any claim against any other life tenant or heir arising out of
the management of the estate; and that claims have been made
for legal services in the administration of the estate by their
predecessors which remain unsettled. They concede that the
will requires construction on the point presented by the plain-
tiffs; but they claim that an accounting is necessary to deter-
mine the assets of the estate and that they do not know
and are unable to determine what is the principal or income
of the trust estate and are unable to render an account to the
Surrogate's Court or to the Supreme Court without an account-
ing by those who have so administered the estate. The only
part of this alleged defense or counterclaim that in any manner
relates to the plaintiffs is that with respect to the management
of the estate for a period by their general guardian, the indi-
vidual trustee, but that is not within the issues tendered by
the plaintiffs and neither constitutes a defense to the plain-
tiffs' action for the construction of the trust provisions of the
will nor is it a proper counterclaim thereto for it does not in

any manner tend to diminish or defeat the recovery or relief which the plaintiffs ask herein. (Code Civ. Proc. § 501.)

For a third separate and further defense and as a partial defense the trustees reallege by reference the allegations of the second defense, the substance of which has been stated, and further allege that there is a defect of parties in the omission of the administrators with the will annexed, of Warrington as general guardian of the plaintiffs and of Warrington individually; and they demand judgment that the omitted parties be brought in, and that the court determine the assets for which they are accountable, and that the plaintiffs and the other defendants and the defendants to be brought in account to the trustees and to each other, as well as to the beneficiaries for their administration and management of the estate, and that the will be construed, and that it be adjudicated and determined what disposition the trustees shall make of the property and assets found to be in their hands, and that they be discharged from liability upon compliance with the determination of the court as to the disposition of such assets, and for other and further relief.

Upon no theory can the plaintiffs be required to join in this action the persons who have from time to time administered the estate to enable the trustees to have such persons account herein to them for such administration of the estate. If the action were for an accounting by the trustees their contention might be arguable, but since there is no demand for an accounting and the *quantum* of the estate can in no manner affect the construction of the will there is manifestly no propriety in requiring the plaintiffs to bring in as parties defendant those whom the trustees may and should call to account for the management of the estate. If the plaintiffs were required to bring in as parties those who are accountable to the trustees for the management of the estate they might with equal propriety be required to bring in all debtors of the estate, for an accounting by those who managed the estate would not necessarily determine the amount or value of the estate. The respondents insist that the decision of this court in *Metropolitan Trust Co.* v. *Stallo, No. 2* (166 App. Div. 649; affd. by Court of Appeals, 215 N. Y. 710) is authority for the order; but in that case the action was brought for an account-

ing and the plaintiff joined the parties interested in the accounting and the decision was with respect to whether there was a misjoinder of parties plaintiff and of causes of action, while here there is no action for an accounting and the respondents seek to compel the plaintiffs, against their will, to bring in the parties who are accountable to the trustees only. Therefore, the decision in that case is not in point.

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.