GROVENE VAIL ARANYI, Respondent, *v.* BANKERS TRUST COMPANY, as Trustee under the Trust Created for the Said GROVENE VAIL ARANYI, Appellant.

First Department, June 16, 1922.

**Trusts — action to revoke trust in personal property — trust for benefit of grantor till she became thirty-five — principal to be paid to children of grantor in case of her death before thirty-five — trust declared by grantor to be irrevocable — grantor had right to revoke under Personal Property Law, § 23 — interest of trustee in commissions did not affect right to revoke.**

The grantor of a trust in real and personal property entered into for her benefit has the right to revoke the same so far as the personal property is concerned before the termination of the trust, though by its terms she has declared the same to be irrevocable, where the trust agreement provides that it is to terminate upon the grantor arriving at the age of thirty-five years, and that in case of the death of the grantor before that time then the trustee is to convey and transfer the principal of the trust fund remaining in equal shares to the children of the grantor then living, and that if she should die without leaving children then the trustee is to convey and transfer the fund to such persons as the grantor should designate by her last will and testament, and where it appears that at the time of the demand for the termination of the trust and at the commencement of the action the grantor had no children and there was no issue of any deceased child, and that the grantor is the only person beneficially interested in the trust.

Under section 23 of the Personal Property Law, a trust in personal property is revocable by the grantor thereof upon the consent of all persons in being who are beneficially interested therein, and if there be no other person in being who has either a vested or contingent interest in the trust such revocation is effectual.

The incidental benefit that the trustee might derive from commissions is not of such a character as gives it a vested right to the continuance of the trust.

APPEAL by the defendant, Bankers Trust Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of January, 1922, granting plaintiff's motion for judgment on the pleadings, consisting of a complaint and answer, and also from an interlocutory judgment in favor of the plaintiff, entered in said clerk's office on the 12th day of January, 1922, upon the aforesaid order.

*White & Case* [*Ernest G. Fifield* of counsel; *Leonard H. Smith* with him on the brief], for the appellant.

*Morrell, Bates & Topping* [*A. Wheeler Palmer* of counsel; *Charles H. Topping* with him on the brief], for the respondent.

PAGE, J.:

The plaintiff, on or about June 7, 1916, entered into a trust agreement with the defendant, whereby she transferred to the defendant all right, title and interest which she then had or might at any time thereafter have in the corpus of a trust fund established under the will of plaintiff's grandfather, for the benefit of plaintiff's mother during her lifetime, with remainder over to her issue. The trust provides in substance that, when the said distributive share is received by the defendant, it shall be held by it in trust, the net income to be paid over to the plaintiff from time to time, she having the privilege of withdrawing certain installments of principal at various times therein specified, the trust to terminate upon the plaintiff arriving at the age of thirty-five years, at which time the defendant is to convey and pay over the balance of the principal of the said trust fund to the plaintiff for her own use and benefit forever. In case of the death of the plaintiff before arriving at the age of thirty-five years, then the defendant was to convey, transfer and pay over the principal of the trust fund, or such portion thereof as may remain in its hands, in equal shares to the children of the plaintiff then living; and if the plaintiff should die before attaining the age of thirty-five years without leaving children her surviving, then upon her death the defendant was to convey, transfer and pay over the said fund to such person or corporation as the plaintiff should appoint by her last will and testament. The plaintiff in said agreement declared the same to be irrevocable.

The plaintiff brought this action to revoke the said trust agreement, alleging that the defendant had on August 15, 1919, by virtue of a decree of the court, received the principal of the trust fund upon the death of her mother; that she has no children and that there is no issue of any deceased child; that the plaintiff is the only person beneficially interested in the said trust, and that before the commencing of the action plaintiff duly demanded of the defendant that it cancel and terminate the trust as to the personal property therein and transfer and turn over the same to plaintiff. The answer denies that the plaintiff is the only person beneficially interested in said trust, and by way of defense sets forth the provision of the trust agreement that, if the plaintiff should die before arriving at the age of thirty-five years, the defendant is directed to convey, transfer and pay over the principal of the

trust fund to the children of the plaintiff; and that before she reaches that age, there may be children born to her who would have a contingent interest in said trust fund, which interest the defendant as trustee is required to protect. And the answer further states that the plaintiff in said trust deed declared it to be her intention that the same should be irrevocable, and that the said trust deed thereby became irrevocable. Section 23 of the Personal Property Law (as added by Laws of 1909, chap. 247) reads as follows:

" Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

We have construed this section of the statute to mean " that a trust in personal property is revocable by the creator thereof upon the consent of all persons *in being* who are beneficially interested therein, and if there be no other person in being who has either a vested or contingent interest in the trust, such revocation is effectual." (*Cram* v. *Walker*, 173 App. Div. 804, 806.)

The appellant's position would seem to be that, unless there is a third person in existence, who has a beneficial interest in the trust, and capable of giving a consent, the trust is irrevocable. That while a living third person beneficiary can, by his consent, release the contingent interest of his unborn children, the creator of the trust, being a sole beneficiary, cannot.

In the case under consideration the trust was created for the sole benefit of the creator to hold her property in trust for her benefit until she should arrive at the age of thirty-five years, when it was to be paid over to her. Her children were not in any sense to be beneficiaries of the trust. Their only possibility of interest would be in case she should die prior to the termination of the trust period, leaving such children. The trust deed as to them was testamentary in character. The learned counsel for the appellant has failed to distinguish, in his citation of authorities, between trusts created in real estate and those where the corpus is personalty. While in this case the trust deed refers to both real and personal property, it is only as to the trust in the personalty that revocation is sought. I am of opinion that, where the corpus of the trust is personal property and the trust is a voluntary one made by the creator for her own benefit, and she is the only person in being having a vested or contingent interest therein, she has the right to revoke the same. Did she lose that

right by declaring that the trust was irrevocable? The transfer of the property to the trustee gave it no interest therein. It was to hold and manage the property for a term of years and pay over to the creator of the trust the net income, for doing which it was to receive a stated compensation. If she was dissatisfied with this management of her estate, why should she not be allowed to retake it into her own possession? There was no other person for whose benefit the condition should continue. If she had the right to revoke the trust agreement, in my opinion she had a right to revoke this declaration. It was voluntary, without consideration, and affected no one but herself. The incidental benefit that the trust company may derive from commissions is not of such a character as gives it a vested right to the continuance of the trust.

The order and interlocutory judgment should be affirmed, with costs.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment and order affirmed, with costs.