GEORGE B. HOLBERT, Plaintiff, *v.* LIDA JACKSON and Others, Defendants.

Supreme Court, New York County, June, 1929.

*Messinger & Brown* [*N. Messinger* of counsel], for the plaintiff.

*N. Vidaver* [*B. Abraham* of counsel], for the defendant Adams.

*C. J. Garrison* [*H. H. Romanoff* of counsel], for the defendant Bartlett.

*Goldfogle & Dorf* [*I. S. Dorf* of counsel], for the defendants Wolf.

*Barnes, Avery & Whiting* [*E. B. Barnes* of counsel], for the defendant Kingston.

COTILLO, J. By this action plaintiff, a trustee under two deeds of trust, seeks the instructions of the court. On January 15, 1924, Emma Mann Vynne executed a deed of trust to the plaintiff, whereby she conveyed certain shares of stock of the Town Topics Publishing Company to plaintiff in trust for the sole use and benefit of the grantor during the term of her life. Upon the grantor's death, plaintiff was given half of the property, and the

remaining half was for the benefit of " the *employees* of the Town Topics Publishing Company " to be divided amongst them as in the judgment of the plaintiff the same should be apportioned. On July 23, 1924, another deed of trust was executed between the same parties which in effect revoked the deed of January 15, 1924. The only difference between the two instruments is that under the later one the employees of the Town Topics Publishing Company received twenty-five per cent instead of fifty per cent, and the defendants Lida Jackson and Anna T. Hobart received twenty-five per cent. These two defendants, however, had not answered or appeared at the trial, and it was stipulated that the later deed of trust need not be considered by the court, and that no one claimed thereunder.

A question is presented as to whether a prior deed of trust, dated August 16, 1923, was revoked. On December 1, 1923, the settlor wrote to the defendant Kingston, who was one of the trustees under the deed of August 16, 1923, that she desired to revoke that trust, and that she had authorized plaintiff, the other trustee thereunder, " to see that it is done at once." On December 20, 1923, the plaintiff and the defendant Kingston executed a formal instrument, duly acknowledged, revoking and surrendering the said trust from and after that date, and on January 15, 1924, the deed of trust above mentioned was executed by the settlor. It is now urged that there was no valid revocation of the trust of August 16, 1923, because the settlor signed no formal revocation thereof, and because the employees of the Town Topics Publishing Company, who are called beneficiaries under said trust, had not consented to the revocation. It is argued by the defendant Kingston that all that was accomplished by the instrument of December 20, 1923, was that the trustees resigned their trusteeship, leaving the trust nevertheless in full force and effect, though there were no trustees. There can be very little question but that Mrs. Vynne *intended* to revoke the trust of August 16, 1923. She said so in her letter to the defendant Kingston, and she executed a new trust shortly thereafter. Plaintiff and the defendant Kingston consented to the revocation, as evidenced by their formal consent. It was not necessary, under the circumstances here disclosed, for the grantor to sign any paper other than appears in this record, to evidence her intention to revoke more formally. It was not necessary to procure the consent of the employees of the Town Topics Publishing Company to the revocation, for they had no present beneficial interest sufficient to require such consent under section 23 of the Personal Property Law (added by Laws of 1909, chap. 247). Moreover, this trust was revocable by the grantor at any time,

without any one's consent, since she was the sole beneficiary during her own life, and this would be so, even if the trust agreement recited that it was irrevocable, which recitation does not appear. (See *Aranyi* v. *Bankers' Trust Co.*, 201 App. Div. 706; *Cram* v. *Walker*, 173 id. 804; *Schwartz* v. *Fulton Trust Co.*, 119 Misc. 831; *Boucicault* v. *Leubuscher*, 124 id. 232.) It is necessary to hold, therefore, that the deed of trust of August 16, 1923, was revoked and that the trust deed, pursuant to which distribution should be made by the plaintiff and which is in full force and effect, is the deed of January 15, 1924.

In connection with this instrument a further question arises as to who is entitled to distribution thereunder. The language used is: " * * * The remaining half shall be retained by him in trust for the uses and benefits of the *employees of the Town Topics Publishing Company*, and any profits derived therefrom shall be divided amongst such *employees* * * * as, in his judgment, the same shall be divided and apportioned, having in view the best interests of the Town Topics Publishing Company.

" If such property has been sold during my lifetime, said trustee is directed to immediately divide among the employees of the Town Topics Publishing Company * * * such remaining 50 per cent. in such proportion or proportions *as to him may seem best* and thereupon this trust shall cease and terminate."

The shares of stock were sold prior to the death of the settlor. There can be very little doubt that the settlor intended that the distribution should be made amongst those who were employees of the Town Topics Publishing Company at the time of her death, if the shares of stock had been sold prior to her death. In that event distribution was to take place " immediately." If the intention were to include in the distribution former employees or any persons other than employees, the instrument would have so provided. Besides, the division and the apportionment were to be made " having in view the best interests of the Town Topics Publishing Company." It is difficult to see how the best interests of this company could have been served by a distribution amongst any save employees, meaning then present employees of the company. Surely the best interests of the company would not have been served by payments to persons who were discharged or resigned. Such persons would not be " employees " within the ordinary meaning of the word and as used in this deed of trust. As to the amount to be distributed to each employee, the deed of trust gives absolute discretion to the trustee. He is to distribute " *as in his judgment* the same should be divided." So long as the trustee exercises his judgment in good faith, no judgment or dis-

cretion instead of his may be substituted, having in view the intention of the settlor, the confidence which she must have had in his judgment, and the language employed. The important consideration in construing the deed of trust is wherever possible to give effect to the intention and purpose of the settlor. Distribution is, therefore, to be made to those who were employees of the publishing company at the time thereof and in amounts as determined by the trustee in the exercise of his judgment in good faith " for the best interests of the Town Topics Publishing Company."

The motions to dismiss the counterclaim and separate defense of the defendant Kingston and the affirmative defense of the defendant Wolf must be granted on the ground that they are insufficient as a matter of law. This disposition of the motions is made on the authority of *Marsh* v. *Woodward* (180 App. Div. 604).

A previous disposition made by Special Term of a similar defense of defendant Cummings was affirmed by the Appellate Division. Exceptions to these rulings on the motions are deemed noted for the defendants Kingston and Wolf.

The last question to be considered is whether an accounting by the trustee should now be directed. Plaintiff argues that none of the persons who, during the trial, demanded an accounting were sufficiently interested to entitle them to demand that the plaintiff account. Regardless of the merits of this contention, plaintiff is a trustee, is charged with the execution of fiduciary duties, and serious reflections have been made upon his stewardship of the trust. This court has ample inherent power on its own motion to direct the plaintiff, as trustee, to account, and in the interests of justice, therefore, an accounting pursuant to the trust will be directed. What has been said is not to be construed as an expression of opinion on the merits of the so-called charges of malfeasance or misfeasance of the plaintiff. But an accounting seems to be necessary, if for no other reason than the fact that substantially the entire trust fund has been distributed. The cost of the accounting shall come out of the fund. If this fund is insufficient, the trustee will make up the deficit. The interlocutory judgment shall provide for no costs to any party.

Submit decision in accordance herewith on notice.