## JUDD et v
## CITY TRUST & SAVINGS BANK et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Sept 10, 1936

Wallace F. Judd, Youngstown, William M. Mason, Youngstown, and R. J. Nicholson, Youngstown, for plaintiffs.

McKain, Ohl & Swanner, Youngstown, Manchester, Ford, Bennett & Powers, Youngstown, and Harrington, Huxley & Smith, Youngstown, for defendants.

## OPINION

By CARTER, J.

This cause is in this court on appeal from the Court of Common Pleas, Mahoning

County. The plaintiffs are duly admitted and practicing attorneys of the Mahoning County Bar and are prosecuting this action on their own and on behalf of others associated as members of the Mahoning County Bar Association, plaintiffs being members of a committee duly appointed and authorized by the Bar Association to investigate and take such action as might be necessary to prevent the unauthorized practice of law by Bank and Trust Companies.

The defendants are corporations duly organized and existing under and by virtue of the laws of the State of Ohio for the purpose of conducting a banking business and administering trusts, all being located in the city of Youngstown.

The plaintiffs allege, for their cause of action, that although as such corporations these defendants have no right to engage in the practice of law, they practice law and have for a long period of time practiced law through their duly authorized agents, to-wit, their regularly employed officers, some of whom are attorneys at law by drafting wills, trust agreements and other legal documents, and by giving legal advice incident thereto for other persons in the following manner:

"By permitting, authorizing and directing their agents to prepare drafts of wills, codicils, trust agreements and other legal documents for other persons in which instrument said defendants are named as trustee, executor, administrator, guardian, agent, or in other fiduciary capacity, and to give legal advice incident thereto; that defendants solicit said business by advertising and holding themselves out to the public directly and indirectly; that they engage in the practice of law and furnish or will furnish legal service or legal advice to any patron."

The prayer of the petition being that a permanent injunction issue enjoining and restraining defendants, and each of them, from practicing law, as herein alleged, and for such other and further relief as may be just and equitable in the premises.

To this amended petition separate answers were filed by the defendants. The answer of the defendant, The City Trust and Savings Bank being substantially as follows: It admits that the plaintiffs are duly admitted and practicing attorneys at law in the courts of Ohio, and that the petition was filed on behalf of the plaintiffs and others associated as members of the Mahoning County Bar Association; admit that the defendants are corporations duly organized and existing under and by virtue of the laws of the state of Ohio for the purpose of conducting a banking business and administering trusts and are located in the city of Youngstown. Further answering, and for its first defense, it denies each and every allegation contained in the amended petition except those that are herein specifically admitted to be true, and for its second defense it alleges that it is qualified under the law to do a trust business in the state of Ohio and is authorized to accept trusts and receive and hold property thereunder in a fiduciary capacity in accordance with the provisions of the law. It further avers and admits that it employs qualified attorneys at law to represent its interests and from time to time permits, authorizes and directs said attorneys to draft wills, trust agreements and other fiduciary documents in all of which documents this defendant is either a party or is named as trustee, executor, administrator, guardian, agent or in other fiduciary capacity and in all of which documents this defendant has a direct and substantial interest as such fiduciary. It then alleges that it does not practice law and has at no time practiced law, either itself or through any agent employed by it

The answers of the defendants, The Dollar Savings & Trust Company, and the Mahoning Savings & Trust Company, are identical with the answer of the defendant, The City Trust & Savings Company.

The foregoing constitute the pleadings before the court. It will be observed that complaint is made in the amended petition that the defendants are engaged in the unauthorized practice of law and are also engaged in the solicitation of legal business in that they advertise they will furnish legal service or legal advice to any patron. It will be necessary therefore to treat these claims separately.

First, as to the complaint that these defendants are engaged in the unauthorized practice of the law. The plaintiffs allege and urge that these defendants are engaged in the unauthorized practice of law in that their regularly employed officers and agents, some of whom are attorneys at law, draw wills, trust agreements and other legal documents and also give legal advice incident thereto for other persons by permitting, authorizing, and directing their agents to prepare drafts of wills, codicils, trust agreements and other legal documents for other persons, in which instruments the

defendants are named as trustee, executor, administrator, guardian, agent or in other fiduciary capacity and to give legal advice incident thereto.

The complaint is limited to those instances and cases wherein the instruments thus drawn make provision that the defendants are named therein as trustee, executor, administrator, guardian, agent or in other fiduciary capacity and the giving of legal advice incident thereto. There is no complaint made that defendants are engaged in the general practice of the law, but only as above indicated.

Defendants, for their first defense, deny each and every allegation contained in the amended petition except those admitted therein to be true, and for their second defense they claim that they are qualified under the law to do a trust business in the State of Ohio, and are authorized to accept trusts and receive and hold property thereunder in a fiduciary capacity. They further admit that they do employ qualified attorneys at law to represent their interests and from time to time permit, authorize and direct these attorneys to draft wills, trust agreements and other fiduciary documents, in all of which documents these defendants are either parties or named as trustee, executor, administrator, guardian, agent or in other fiduciary capacity, and in all of which documents these defendants have a direct and substantial interest as such fiduciary.

By reason of the admissions found in these separate answers there can be no question but that defendants permit, authorize and direct their regularly employed attorneys to draft wills, trust agreements and other fiduciary documents, the evidence disclosing that these attorneys are regularly employed attorneys in the monthly or yearly service of these companies and such services are paid for by defendants.

They thereby confess to the doing of the various acts and things, by and through their attorneys, as their agents, about which complaint is made, but seek to avoid same by claiming and averring that they have a direct and substantial interest in these documents, thus drawn, under appointment as fiduciaries therein, and by reason thereof have in no way been guilty of the unauthorized practice of law.

There can be no question but that the drafting of wills, trust agreements, in fact the preparation of any and all legal instruments and contracts by which legal rights are secured and the giving of legal advice and counsel in connection therewith constitute the practice of law. See The Land Title Abstract and Trust Co. et v Dworken, 129 Oh St 23, and cases therein cited.

Are these defendants engaged in the unauthorized practice of law when through their attorneys being yearly employees of the companies they draft documents wherein the trust companies are named fiduciaries therein, or give legal advice incident thereto? In this state the formation of a corporation for the purpose of carrying on the practice of a profession is expressly prohibited by §8623-3 GC.

Now, as to the defense that these trust companies have a direct or primary interest in these documents by reason of their appointment as fiduciaries therein. In the case of The Land Title Abstract and Trust Co. v Dworken, supra, the court, in the fourth paragraph of the syllabi, say:

"The statutes of this state recognizing title, guaranty and trust companies were enacted for the purpose of enabling such companies to guarantee titles to real estate but not for the purpose of performing acts which constitute the practice of law. §9850 GC authorizing title, guarantee and trust companies to prepare and furnish abstracts and certificates of title to real estate does not permit such companies to issue a certificate containing an opinion as to the condition or validity of titles which are not guaranteed by such companies."

The fifth paragraph is as follows:

"Furnishing opinions in proceedings in court as to any parties thereto and preparing and advising in relation to conveyances and other papers pertaining to real estate transactions for the benefit of others are acts falling within the practice of law and may not be performed by guaranty companies, except wherein they have a direct or primary interest."

The court thereby holding that as a condition precedent to furnishing opinions in proceedings in court as to naming parties thereto and preparing and advising in relation to conveyances and other papers pertaining to real estate transactions for the benefit of others are acts falling within the practice of the law and may not be performed by guaranty companies except wherein they have a direct and primary interest, thereby holding inferentially, at least, that if they have a direct or primary interest in the matters mentioned in para-

graph five of the syllabi, that the giving advice in connection therewith would not constitute the unauthorized practice of law.

It is urged by the defendants that the law of the state of Ohio authorized them to engage in a general trust business, and by reason thereof they have the right and authority to do the various things about which complaint is made, provided they are appointed fiduciaries therein, and refer us particularly to §§710-156 and 710-159 GC and other cognate sections and there is no question raised in this case but that these trust companies are permitted under the laws of the state of Ohio to carry on a trust business. But do they have the right, by virtue of the authority conferred upon them by these sections, to draft legal documents referable thereto or to give legal advice incident thereto when they have no direct or primary interest therein? And if they have no right as corporations to do these things of which complaint is made, they cannot perform such acts by or through their regularly employed laymen or attorneys, for the acts of the employees are the acts of the corporation itself.

We find nothing in these statutes hereinbefore referred to authorizing the trust companies to draft legal documents or to give legal advice incident thereto, either directly or inferentially and even though such authority was conferred therein, such would be of doubtful legality as authority to practice law is vested in the judicial rather than in the legislative branch of government.

It is urged by the defendants that by reason of the fact that they are appointed fiduciaries in these documents they are thereby parties in interest, in other words, that they have a direct or primary interest therein by reason of such appointment. What is a direct or primary interest to which the court makes reference in the case of The Land Title Abstract and Trust Company v Dworken? The interest of the fiduciaries is in the commissions or fees to which they are entitled by reason of their acting as such fiduciaries. They are in no way interested in the corpus of the estate. They hold and distribute same for the sole benefit of the beneficiaries, the beneficiaries being the direct and primary parties interested. In the case of Ewing et v Van Alstine et, 72 Pac. 942, the court say:

"To be directly interested in the same thing as having a direct interest. It is one which is certain and not doubtful or contingent."

In the case of Arangi v Bankers Trust Company, 194 N. Y. Supp. 614, the court say:

"The commissions derived from the trust was only an incidental benefit."

In the case of Phelps v Thompson et, 198 Supp. 320, the court say:

"trustees' interest is merely in their commissions and that gives them no right to the continuance of the trust, hence their consent to its termination is not required."

This court is satisfied and has no hesitance in holding that defendants, by virtue of appointment as fiduciaries only, have no such direct or primary interest that brings them within the exception as laid down in The Land Title Abstract and Trust Co. v Dworken, supra. For other cases of interest in connection with the issues raised in the case at bar, see In Re Otterness, 232 NW 318; Rhode Island Bar Association v Auto Service Association, 179 Atl. 139; State ex inf. Miller, Circuit Attorney v St. Louis Union Trust, 74 SW (2nd) 348; Unger et v Land and Management Corporation, 168 Atl. 229.

Coming to this conclusion, we hold that these defendants have no right, power or authority to draft wills, trust agreements and other legal documents or give advice incident thereto wherein they have no direct or primary interest therein, whether exercised by laymen in the employ of the companies or through their regularly employed attorneys duly admitted to the practice of the law where such attorneys are in the full time employ of the bank and are paid salaries for the services thus performed. Such constitutes the practice of the law by the trust companies.

We are not holding that a settlor of a trust and the prospective trustee have no power or authority to discuss a prospective trusteeship of property, but we 'do hold that such trust companies have no 'right to draft wills, trust agreements or to give legal advice with reference thereto where they are not directly or primarily interested therein.

Dual agency has been discussed in the briefs of the parties, but we deem it unnecessary to discuss that question due to

the conclusions we have heretofore reached in this opinion.

Some question has been raised relative to the right of the trust companies, through their regularly employed attorneys, to practice law in the Probate Court in the settling of estates therein in which they are named as fiduciaries. Conducting proceedings in the matters of estates and guardianships in the Probate Court constitutes the practice of law, and defendants are not authorized to practice law when they have no direct or primary interest involved. Such being the case, these defendants may not carry on such proceedings █ in the Probate Court unless they have a direct or primary interest in the subject matter before the court. Ohio's New Probate Code provides:

"No probate judge shall permit any person to represent any interest excepting his own in any estate matter, action or proceeding, civil or criminal, or otherwise to practice law in the Probate Court of any county for compensation unless he shall have been regularly admitted by the Supreme Court of Ohio to the practice of law within the state."

A corporation cannot be admitted to the practice of law in this state and a perusal of The Land Title Abstract █ and Trust Company v Dworken, indicates that a corporation cannot practice law on behalf of others and it will further be observed in reading the opinion in that case the court held what a corporation cannot do directly it cannot do indirectly through the employment of attorneys duly admitted to practice of law. Also §1698 GC provides that:

"No person shall be permitted to practice as an attorney and counsellor at law or to commence, conduct or defend any action or proceeding in which he is not a party concerned, either by using or subscribing his own name or the name of another person unless he has been admitted to the bar by order of the Supreme Court or two·judges thereof."

On the question of advertising it is claimed that the defendants have been and are engaged in illegal advertising in that they advertise that they are engaged in the practice of the law. In The Land Title Abstract and Trust Co. v Dworken, supra, the court say:

"It seems too obvious to permit any discussion that a corporation may not be authorized to practice law and hence should not be permitted to perform or hold itself out as authorized to perform any of the acts which constitute the practice of law. It scarcely seems necessary to cite any authority upon this proposition."

Were the defendants, through their advertisements, holding themselves out as authorized to perform· acts which constitute the practice of the law? As to the City Trust & Savings Bank, the principal evidence urged against The City Trust & Savings Bank is found in a letter marked for identification "Plaintiff's Exhibit 1 and Exhibit 13," it being one and the same exhibit. The testimony in the record is to the effect that this letter was sent to stockholders and that it was the intention of the sender to solicit trust business for the bank. The third paragraph reads as follows:

"Make your will and be sure to appoint the bank as your executor. If this matter seems a problem to you, feel free to consult our Trust Department. We have trained men to render this service."

While this paragraph might be susceptible of the construction placed thereon by Mr. Hooper, the writer, we believe it goes further, making reference to the drafting of wills as well as relating to advice concerning their Trust Department or its appointment as fiduciary.

Further complaint is made with reference to a form of will known and designated as "Plaintiff's Exhibit 2 and 14." At the top of this form is found the following:

"This is not a will but a form to be used in preparing your will."

Upon the back of this form is found the following:

"Take this form and fill it in as far as you can, then bring ·it to this institution and its officers will assist you without charge towards the proper procedure in executing your will. Name this institution as your executor and trustee.
"Signed: The City Trust & Savings Bank,
Youngstown, Ohio."

We are of the opinion that this is advertising to the effect that the officers will assist in the proper procedure in executing the will, and that such includes legal ad-

vice by the trust company relative thereto. There is some testimony in the record to the effect that this latter advertising has not been sent out since 1932. However, Mr. Stansburg, Vice President and Trust Officer of the City Trust & Savings Bank, testified that the present policy of non-action was a temporary one, depending upon the outcome of this litigation, this action having been instituted in April, 1932. And it appears that there had been some previous discussions relating to these matters between the bank and the Bar Association.

It is the conclusion of the court that such advertising, as hereinbefore alluded to, is advertising, that this company is engaged in the practice of law. Defendants have no right or authority to advertise that they will draft wills, trust agreements or other legal documents, or give legal advice relating thereto, where they are not directly or primarily interested therein.

Now, as to the advertising by The Dollar Savings & Trust Company. The evidence offered by plaintiffs against The Dollar Savings & Trust Company is found in Exhibits numbers one to twelve, inclusive. Do these exhibits disclose advertisements which indicate that this company is engaged in the practice of law? We have read these exhibits with care and are satisfied that there are some advertising matters therein contained which indicate that they are engaged in the practice of law, wherein it suggests that it will give legal service relative to certain matters and things mentioned in these exhibits. A large portion of the advertising matter found in these exhibits is legitimate advertising on behalf of the banks to increase their trust business. Exhibit 4 contains advertising matter which calls for legal advice, particularly where mention therein is made to the possible change or modification of wills already drawn. The concluding portion thereof being:

"A conference or just a friendly chat about these matters is cordially suggested."

We cannot conclude otherwise than that such advertising suggests the giving of and offers legal advice.

Now, as to the advertising of The Mohoning Savings and Trust Company. The testimony as to the character of the advertising of this defendant was somewhat vague in the mind of the officers of the bank called for cross examination. However, Mr. Mason and Mr. Judd testified that they had observed displayed in the bank the following:

"Who will get your property if you leave no will? We can tell you." .

This was in the year 1933.

"Is your will up to date? Review it with us."

"If you want to know if your will does what you want it to. do, if it is legal, consult with our Trust Department."

The import of this character of advertising is that the Trust Department will give legal advice concerning these matters.

The matters hereinbefore referred to relating to advertising are illustrations which this court believes and holds constitute advertising the practice of law. It is the conclusion and holding of the court that in the drafting of legal documents and giving legal advice concerning same by the regularly employed officers, agents, and employees of the trust companies, as shown by the record in this case, although such trust companies be named fiduciaries, wherein they have no direct or primary interest, constitutes the unauthorized practice of law; that appearing in courts on behalf of others by such officers, agents or employees, whether by attorneys or laymen, where such trust companies have no direct or primary interest therein, is practicing law, and that advertising that they will give legal advice or draft legal instruments for and on behalf of others when they have no direct or primary interest therein, is advertising, holding themselves out to practice law.

Injunction made permanent. Decree may be drawn in conformity with this finding.

ROBERTS and NICHOLS, JJ, concur.