LOUIS A. JERSAWIT, as Trustee in Bankruptcy of SANITENE CORPORATION, Bankrupt, Respondent, *v.* HENRY J. KALTENBACH and BRUCE A. ELLIS, Appellants.

First Department, January 28, 1938.

*William C. Morris* of counsel [*Robert J. Sykes* with him on the brief, attorney], for the appellant Kaltenbach.

*Henry V. Stebbins* of counsel [*Herman A. Holsten* with him on the brief, attorney], for the appellant Ellis.

*David Haar*, attorney for the respondent.

Dore, J.   Plaintiff, as trustee in bankruptcy of the Sanitene Corporation, sues defendants as officers and directors of the bankrupt to compel them to account for alleged breaches of duty. Against defendant Kaltenbach, as treasurer and director, there is no claim or proof of any misappropriation of funds and the action is based solely upon his alleged negligence with claimed resulting loss of corporate assets.   Against defendant Ellis, as president and director, the action is predicated upon alleged willful misappropriation and waste of corporate funds.   After a trial at Special Term the court granted an interlocutory decree in favor of plaintiff against both defendants and appointed a referee to

take and state the account and report to the court the amount for which defendants are liable.

The accounting thus directed involves about $500,000, although the proof appears to indicate and plaintiff concedes that the total amount of actual business, of merchandise actually sold by the Sanitene Corporation, was between $40,000 and $50,000. The remainder of the $500,000 appears to be checks in form payable to Sanitene Corporation which, however, were loans procured by defendant Ellis from another company, the Westhome Security Corporation, through wholly fictitious accounts receivable in favor of Sanitene Corporation. Ellis' method was to prepare fictitious accounts receivable purporting to be owed to Sanitene Corporation and assignments thereof; in exchange for the assignments the loans were procured and checks made payable by Westhome to Sanitene Corporation and indorsed and deposited by Ellis in the account of Sanitene Products, Inc., which Ellis claimed acted as fiscal agent for the Sanitene Corporation when the bank of the latter corporation failed to reopen after the bank holiday. He never advised Kaltenbach at any time of the fictitious accounts and Kaltenbach never saw or knew of them. The total of all such checks so received and indorsed by Ellis as president appears to have been about $500,000, of which the sum of approximately $450,000 was repaid to Westhome. In the bill of particulars plaintiff claimed that the misappropriations amounted to $50,000.

There were no findings of fact, but the trial court in its opinion stated that Ellis in a criminal proceeding confessed to embezzling the assets and funds of Sanitene Corporation. This conclusion, fully relied on by respondent, is erroneous and finds no support whatever in the record. To the contrary, the uncontradicted evidence is that Ellis was indicted and convicted of fraudulently and feloniously procuring the funds from the Westhome Security Corporation, not from Sanitene Corporation, by means of the above-mentioned fictitious accounts. The company defrauded in these transactions was Westhome — not Sanitene. To checks or the proceeds of checks thus feloniously procured from Westhome, the bankrupt corporation never had or could have any legal title or right; and neither defendant may be held liable to account to that corporation, its creditors, or its trustee in bankruptcy for funds which never properly were assets of the bankrupt. Though the proof is vague, apparently about $50,000 of genuine business was done by the bankrupt but no effort was made on the trial to segregate these assets from the funds feloniously procured from Westhome, though on proper proof they can clearly be identified.

Ellis affirmatively testified that all the funds were disbursed by him in payment of expenses incurred by Sanitene Corporation and the proof adduced by the plaintiff did not satisfactorily show what funds properly belonging to Sanitene Corporation had been wasted, lost or misapplied.

With regard to the liability of one director for the acts or omissions of another this court in *People* v. *Equitable Life Assurance Society* (124 App. Div. 714, 731) said: " The rule still is and must be, however, that each director is only liable for his own acts or omissions, and that one is not liable for the acts or omissions of another unless he participated therein to the injury of the corporation, or had some knowledge by which in the exercise of reasonable care he could have prevented the loss or connived at it, or failed to perform his duty of exercising the authority he possessed to prevent losses which should, in the exercise of reasonable care and skill, have been foreseen and guarded against. (*Arthur* v. *Griswold*, 55 N. Y. 400; *Cassidy* v. *Uhlmann*, 170 id. 505; *Charitable Corp.* v. *Sutton*, 2 Atk. 400; *Briggs* v. *Spaulding*, 141 U. S. 132; *Spering's Appeal*, 71 Penn. St. 11.) Nor are directors liable for mere errors of judgment where they act without corrupt intent and in good faith and are fairly competent to discharge the duties of the position, at least not unless the acts are unlawful or *ultra vires*."

Accordingly before Kaltenbach may be held for the misconduct of Ellis it must be shown in the application of the rule enunciated that acts of negligence on Kaltenbach's part were the proximate cause of the loss of corporate funds or assets *that properly belonged to the Sanitene Corporation.* If Ellis abandoned the object of his agency as president and director and acting solely for himself committed a fraud for his own exclusive benefit, he ceased to act within the scope of his employment and to that extent ceased to act as an agent of the bankrupt, and Kaltenbach, who did not participate in the transactions, would not be chargeable with knowledge of wholly unauthorized acts of Ellis nor held legally responsible therefor (*Henry* v. *Allen*, 151 N. Y. 1; *Credit Alliance Corporation* v. *Sheridan Theatre Co.*, 241 id. 216, 220; *Wen- Kroy R. Co.* v. *Public National Bank &. Trust Co.*, 260 id. 84), unless Kaltenbach is brought within the rule stated above with regard to the exercise of reasonable care and then only as to the preventable loss of funds that belonged to the Sanitene Corporation.

As the point was not raised at the trial nor briefed on appeal, we do not consider the question whether as against Kaltenbach there was an adequate remedy at law for damages for his alleged negligence. (*Potter* v. *Walker*, 276 N. Y. 15.)

As against Ellis an account may be decreed in favor of the trustee in bankruptcy of the Sanitene Corporation only as to assets that have been shown to be the property of that corporation and further shown to have been wasted and misappropriated by Ellis.

In the exclusion of testimony in connection with the proof of certain corporate resolutions and acts of the board of directors, the court erred as a sufficient foundation was laid to show why the originals of the resolutions in question could not be procured. It was also improper to permit the offering in evidence of large numbers of checks and check stubs without any showing whether the Sanitene Corporation had any legal right or title to receive the moneys represented by the checks in question and as to most of such checks in the face of affirmative and undisputed proof to the contrary.

On this record the proof does not sustain the interlocutory decree granted. It follows that the judgment appealed from should be reversed and a new trial ordered accordingly, with costs to the appellants to abide the event.

GLENNON, UNTERMYER and COHN, JJ., concur; MARTIN, P. J., dissents and votes for affirmance.

MARTIN, P. J. (dissenting). I dissent. The interlocutory decree appealed from directs the defendants to account for all moneys or other property received by them or either of them on behalf of the bankrupt corporation from the date of its organization, November 2, 1932, to the date of its adjudication as a bankrupt, January 21, 1935. The sole question before the court on this appeal is: Has the plaintiff established a right to an accounting? I am of the opinion that he has.

We are not presently concerned with the liability of either of the defendants to reimburse the bankrupt corporation. That is a question to be determined upon the coming in of the referee's report.

The interlocutory decree appealed from should be affirmed.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event. Settle order on notice.