LOUIS JERSAWIT, as Trustee in Bankruptcy of SANITENE CORPORATION, Bankrupt, Appellant, Respondent, *v.* HENRY J. KALTENBACH, Respondent, Appellant, Impleaded with BRUCE A. ELLIS, Appellant.

First Department, March 24, 1939.

*David Haar*, for the plaintiff.

*Robert J. Sykes* of counsel [*William C. Morris* with him on the brief], for the defendant Henry J. Kaltenbach.

*William C. Morris* of counsel [*Herman A. Holsten*, attorney], for the defendant Bruce A. Ellis.

UNTERMYER, J. On the present appeal the record discloses substantially the same state of facts previously under consideration by

this court (*Jersawit* v. *Kaltenbach*, 253 App. Div. 265), which, therefore, need not be restated here. It is sufficient to say that we find no proof in the present record, as we found none on the previous appeal, that Ellis misappropriated the funds of Sanitene Corporation, which were deposited, with the authority of its board of directors, in the account of Sanitene Products, Inc., under the control of Ellis. Nevertheless, Ellis was properly required to account for the disposition of the funds thus received. A *cestui que trust* or principal is entitled to an accounting by a trustee or agent *who has been intrusted with property* without the necessity of establishing any misappropriation. (*Schantz* v. *Oakman*, 163 N. Y. 148; *Marvin* v. *Brooks*, 94 id. 71.)

The defendant Kaltenbach, though negligent in the performance of his duty as director and treasurer of Sanitene Corporation, may not, we think, be required to account for funds of the corporation, which, under authority of its board of directors, were deposited with Sanitene Products, Inc., and, accordingly, were never in his possession. An officer or director, unless intrusted with property of the corporation, should not be required to account merely upon proof that he was negligent in the supervision of its affairs and without proof that the negligence has resulted in some loss or injury to the corporation. (*People* v. *Equitable Life Assurance Society*, 124 App. Div. 714, 732.) " Proof of negligence in the air, so to speak, will not do." (Pollock on Torts [11th ed.], p. 455.)

The Special Term properly refused to dismiss the complaint as to Kaltenbach on the merits, for it may be that when Ellis shall account, facts will be disclosed establishing a misappropriation of corporate funds by Ellis attributable to Kaltenbach's failure to exercise proper supervision over the affairs of the Sanitene Corporation.

The judgment should in all respects be affirmed, without costs.

DORE and COHN, JJ., concur; MARTIN, P. J., and CALLAHAN, J., dissent.

MARTIN, P. J. (dissenting). I dissent. (See the dissenting opinion in *Jersawit* v. *Kaltenbach*, 253 App. Div. 265.)

CALLAHAN, J., concurs.

Judgment so far as appealed from affirmed, without costs.