■ In the Matter of GERARD A. RE, Respondent, v. GERARD RE, JR., Appellant.—In a proceeding by a trust beneficiary to compel an accounting by the substituted trustee, the trustee appeals from an order of the Supreme Court, Kings County, dated December 20, 1971, which granted the application to the extent of directing him to file an intermediate account and ordering the application held in abeyance in all other respects. Order reversed, on the law, with $10 costs and disbursements to appellant, and proceeding remanded to Special Term for further proceedings not inconsistent with the views herein set forth. The trustee's answer to the petition raises fact issues as to whether the trust has terminated, whether the trustee was guilty of misconduct and whether petitioner has lost his right to an accounting by reason of waiver, release and estoppel. The issues of termination of the trust and misconduct by the trustee need not be determined before an accounting is ordered, since a trustee may be directed to account even if the trust has terminated and without a prior showing of misconduct by him (90 C. J. S., Trusts, § 378, p. 685; 61 N. Y. Jur., Trusts, § 208, p. 384; *Jersawit* v. *Kaltenbach*, 256 App. Div. 580, affd. 281 N. Y. 773; *Klein* v. *Horowitz*, 240 App. Div. 495; *Holbert* v. *Jackson*, 134 Misc. 618, 622; *Matter of Amuso*, 18 Misc 2d 936, 937; see also, *La Vaud* v. *Reilly*, 295 N. Y. 280, 284–285; *Matter of Houston*, 30 A D 2d 999). But a preliminary determination of the issues of waiver, release and estoppel *is* required before an accounting may be ordered, since a finding that petitioner has waived or released his right to an accounting, or is estopped, by reason of his conduct, from demanding the accounting, would deprive him of his right to request it and would require that this proceeding be dismissed (54 Am. Jur., Trusts, §§ 500, 506, pp. 398, 403; 90 C. J. S., Trusts, § 380; *O'Hagan* v. *Kracke*, 253 App. Div. 632, mot. for lv. to app. den. 278 N. Y. 741; see, also, *Matter of Amuso*, 18 Misc 2d 936, *supra*). Hence, it was improper for Special Term to order the trustee to account without first holding a hearing and determining

the issues of waiver, release and estoppel that are raised by the pleadings; and a remand for that purpose is therefore required. At such hearing, it may also be advisable to adduce proof and determine the issue whether the trust has terminated, so that the court would know whether an accounting (if ultimately directed) should be a final or an intermediate one. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.