(173 App. Div. 804)

CRAM et al. v. WALKER.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

TRUSTS ⬪⇒59(1)—REVOCATION—CONSENT OF PERSONS INTERESTED—STATUTE.

Plaintiff, who, with his wife, executed a trust indenture conveying real and personal property in trust to divide the income equally between himself and his wife during their joint lives, and on the death of either to divide the corpus into two equal parts, and to transfer one part to their then living child or children, and to hold the other part and to pay the income therefrom to the survivor for life, and on the death of the survivor to transfer such part to their living child or children, and on the death of the donors, leaving no children, or the children of any deceased child, to convey the part and interest to the individuals who should then be the plaintiff's next of kin, and who survived his wife, and who, after one-half of the fund had been paid to the son, remarried and had issue, a daughter, with the consent of his son, who was the only other person beneficially interested in the deed of trust, was entitled to revocation of the trust, under Personal Property Law (Consol. Laws, c. 41) § 23, declaring a trust in personal property revocable by the donor upon the consent of all persons in being beneficially interested therein, since whatever the daughter might take would be by operation of law as the next of kin of the donor, and her possibility of inheritance was not an interest in the deed.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78, 79; Dec. Dig. ⬪⇒59(1).]

Action by Jacob Cram and others against Norman Stewart Walker, Jr., as trustee. Submission of controversy on agreed facts. Judgment for plaintiffs.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

John Godfrey Saxe, of New York City, for plaintiffs.
Peter B. Olney, Jr., of New York City, for defendant.

PAGE, J. On December 9, 1892, Jacob Cram and his wife, Martha Wiman Cram, executed and delivered to defendant, Walker, a trust indenture, whereby they conveyed to Walker certain real and personal property, then the property of Jacob Cram, in trust to receive and divide the income thereof equally between Mr. and Mrs. Cram during their joint lives, and upon the death of either to divide the corpus of the estate into two equal parts; to transfer one of such parts unto the then living child or children of the first parties, and to hold the other part, paying the income thereof to the survivor for life, and upon the death of such survivor to transfer such part "to the then living child or children, or the then living issue of a deceased child or children of said first parties." Martha Wiman Cram joined in the deed solely for the purpose of conveying her inchoate right of dower, and had no other interest in the property.

On the 5th day of September, 1908, Martha Wiman Cram died, leaving her surviving her husband, Jacob Cram, and Jacob Cram, Jr., her son and only issue of her marriage with Jacob Cram. One half of the principal of the trust fund was thereupon paid and conveyed

over to Jacob Cram, Jr., and the other half has since been held by the defendant trustee upon the trusts mentioned in the aforesaid trust indenture. Since the death of Martha Wiman Cram, Jacob Cram has remarried and has issue, a daughter. Jacob Cram, Jr., is without issue and unmarried. On March 17, 1915, the plaintiffs, Jacob Cram and Jacob Cram, Jr., joined in executing and delivering to the trustee a deed of revocation of the trust (Exhibit C) so far as it relates to certain specific personal property therein mentioned. The trustee has refused to recognize the validity of the revocation, and refused to deliver over to the plaintiff's nominee the property so released.

Section 23 of the Personal Property Law, pursuant to which the alleged revocation was made, provides:

"Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in whole or such part thereof."

The only question to be determined is whether Jacob Cram and Jacob Cram, Jr., are the only persons beneficially interested in the deed of trust within the meaning of the said section 23. It is clear that, since the remainder is given to the "then living child or children * * * of said first parties"—i. e., of Jacob Cram and Martha Wiman Cram—the daughter of Jacob Cram by another wife does not answer the description and has no interest in the trust property. The trustee claims, however, that since the remainder is to the then living issue, at the time of the death of Jacob Cram, the surviving life beneficiary, the language used might include possible issue of Jacob Cram, Jr., provided he should predecease the life beneficiary, leaving issue, and that such persons not now in being are persons interested in the deed of trust, wherefore it is irrevocable during Jacob Cram's life.

It seems to me to be clearly the meaning of the statute that a trust in personal property is revocable by the creator thereof upon the consent of all persons in being who are beneficially interested therein, and if there be no other person in being, who has either a vested or contingent interest in the trust, such revocation is effectual. This precise question is not raised in any of the previous cases construing section 23 of the Personal Property Law, and the case therefore involves a construction of the language of the statute in accordance with its plain meaning, unaided by precedent. The case of Court v. Bankers' Trust Co., 160 N. Y. Supp. 477, cited by the defendant, is not in conflict with this decision, nor does that case conflict with the determination reached in Whittemore v. Equitable Trust Co., 162 App. Div. 607, 147 N. Y. Supp. 1058. In the Whittemore Case the court merely held that, where the trustees were directed in a certain event to distribute the property to the heirs and next of kin of the life tenant according to law, there was no intention to create a limitation over to such persons as might answer that description, but merely to direct that the property pass according to law, in which case the heirs and next of kin, respectively, would take by descent, and not by virtue of the deed of trust, and had no interest in the trust. The Court v.

Bankers' Trust Co. Case distinguished the Whittemore Case, and held that, where the deed contained a limitation over to a class of persons who would not be entitled to receive the property, except for the provisions of the deed itself, they necessarily took by virtue of the deed, and not by law, and, there being members of such class then in existence who would take if the preceding estate should then terminate, such persons had an interest in the trust, and their consent was necessary to a revocation. Furthermore, if Jacob Cram, Jr., should hereafter marry and have issue, they could assert no claim to an interest in the property. They would derive their claim through him. He therefore is the person in being who represents them, and his act in consenting to the revocation of the trust would be binding upon them.

In the case of Fox v. Fee, 24 App. Div. 314, 321, 49 N. Y. Supp. 292, a trust was created by will, giving a life estate in separate parcels to each of testator's three sons, with remainder to the children of the son, should he have any. One son brought an action in partition, alleging the will to be void by reason of testator's unsound mind. A decree was entered setting aside the will and granting partition. The sons then united in a deed conveying the real estate to the testator's widow. After the death of the son, who was plaintiff in the partition action, an action was brought, by his surviving after-born children, to establish their title to the parcel devised to their father. Held, that they could not maintain the action, the court saying:

"The plaintiffs in the case at bar were not born when the action in the Supreme Court was begun and terminated, and they were virtually represented in that action by their father, who was the plaintiff therein."

See also Cheesman v. Thorne, 1 Edw. Ch. 629, 630.

In Kent v. Church of St. Michael, 136 N. Y. 10–17, 32 N. E. 704, 18 L. R. A. 331, 32 Am. St. Rep. 693, Chief Judge Earl, in considering the possible rights of after-born children, said:

"Where an estate is vested in persons living, subject only to the contingency that persons may be born who will have an interest therein, the living owners of the estate, for all purposes of any litigation in reference thereto and affecting the jurisdiction of the courts to deal with the same, represent the whole estate, and stand, not only for themselves, but also for the persons unborn. This is a rule of convenience, and almost of necessity."

There is a further provision of the deed of trust which states that, in the event of the death of both Jacob Cram and Martha Wiman Cram leaving no child or children of a deceased child, issue of their marriage, the portion then held in trust should be conveyed unto the "individuals who at such time shall according to the laws of the state of New York be the next of kin of said Jacob Cram." It is suggested that the daughter of Jacob Cram by his second marriage would answer that description, should Jacob Cram die after the death of his son, Jacob Cram, Jr., without issue. It is clear, however, that whatever the said daughter might take in such an event she would take by operation of law as next of kin of Jacob Cram, and her possibility of inheritance is not an interest in the deed. Whittemore v. Equitable Trust Co., supra. Jacob Cram, Jr., being the only person other than

the creator who is beneficially interested in the trust, the revocation with his written consent was within the provisions of the statute.

Judgment should be granted, declaring the revocation effectual, and directing the trustee to turn over the property as described and directed in the deed of revocation. Settle order on notice. All concur.