JACOB F. SCHOELLKOPF et al., Appellants, *v.* THE MARINE
TRUST COMPANY OF BUFFALO, Respondent.

(Argued April 17, 1935; decided May 21, 1935.)

*Charles F. Blair* for appellants.

*Fritz Fernow* and *H. Kenneth Haller* for respondent.

LEHMAN, J.   In 1913 Jacob F. Schoellkopf, by written instrument, created a trust to continue during the lives of two grandchildren, Wilhelmina Schoellkopf and Jacob Schoellkopf IV, who are not otherwise mentioned in the instrument.   Under its terms the income from the trust fund is to be paid to Hermann Schoellkopf, one of the sons of the settlor, during his life and after the death of Hermann Schoellkopf to Ernst Schoellkopf, another son. Upon the termination of the trust the principal is to be paid over " unto the person or persons at that time entitled to the income under the terms of this instrument." Thus in the event that the trust should terminate during the life of either Hermann or Ernst Schoellkopf, no other person would share in the income or principal of the trust.   The settlor also provided that each of the successive life beneficiaries might designate the person to whom the income should be paid after his death in case

he should survive his brother but die during the continuance of the trust. The person so designated would then also receive the principal upon the termination of the trust.

The settlor has attempted to revoke the trust. He has not in the trust indenture reserved any right of revocation, and he has parted with all his title to the trust property. He can revoke the trust only " upon the written consent of all the persons beneficially interested " therein, given in accordance with the provisions of section 23 of the Personal Property Law (Cons. Laws, ch. 41). Hermann and Ernst Schoellkopf have given their written consent. So, too, have the settlor's wife and his other surviving children. The trustee maintains that they are not *all* the persons beneficially interested. Infant grandchildren and great grandchildren of the settlor, the issue of those who have consented, are minors and can give no consent. The controversy has been submitted upon an agreed statement of facts.

Neither Hermann nor Ernst Schoellkopf has exercised the power given to him to designate a person to whom the income and principal would go if both died during the continuance of the trust. If the trust is now revoked, then of course that power can never be exercised hereafter. It follows then that except for Hermann and Ernst Schoellkopf the only persons who have a " beneficial interest in the trust " are those to whom the income and principal would be paid if Hermann and Ernst should die during the continuance of the trust without having designated the person who would receive such income or principal after the death of the survivor. The trust instrument provides that in such event the income shall be paid by the trustee to the heirs of the party of the first part (the settlor) *per stirpes,* and not *per capita,* until the termination of this trust. In this connection, the word ' heirs ' shall be construed to include those persons only who would be entitled to share in the distribution of

personal estate under the laws of the State of New York at the time of such distribution." As we have already pointed out, the trust indenture further provides that upon the termination of the trust the principal is to be paid to the " person or persons at that time entitled to the income under the terms of this instrument."

The words " persons beneficially interested in a trust in personal property " as used in section 23 of the Personal Property Law, are broad. There is no express restriction upon the nature of the " beneficial interest " and the courts may not by implication read such restriction into the statute. Any person who under the terms of the instrument has a right, whether present or future, whether vested or contingent, to income or principal of the trust fund, has a beneficial interest in the trust. Here there is no room for ancient technical distinctions which enter into the creation or classification of estates. The test is one of substance, not of form. Any right given by the trust instrument to receive a benefit from the trust in some contingency is a " beneficial interest " in the trust.

Such a right is given by the trust instrument to the settlor's " heirs " as defined by that instrument. Who will be the members of that class cannot be determined until the contingency occurs upon which distribution of income or principal must be made to that class. If the settlor were to die today, then only the settlor's children would be entitled to share in the distribution of his personal estate, and would be his " heirs " as defined by the trust instrument. All of the children have given their consent, and it is said that no others have now a " beneficial interest " in the estate protected by the statute from destruction through revocation of the trust.

The difficulty with this contention is that the trust instrument makes no provision for distribution among a class composed of those who would be entitled to share in the distribution of the personal estate of the settlor if he were to die *today*. The distribution must be made

among the class of those who would be entitled to share in the personal estate of the settlor at the time of distribution of the income or corpus of the trust fund. If the settlor had retained a reversion which would pass upon his death to his " heirs " or next of kin, then no consent would be necessary from them. They would then take, if at all, not as purchasers through a beneficial right derived from the trust instrument, but through succession to the interest of the settlor and he could consent to the destruction of that interest. (*Doctor* v. *Hughes*, 225 N. Y. 305; *Livingston* v. *Ward*, 247 N. Y. 97; *Berlenbach* v. *Chemical Bank & Trust Co.*, 235 App. Div. 170; affd., 260 N. Y. 539.) Here those who are described as " heirs " receive a contingent remainder created by the trust indenture. They take as purchasers through a beneficial right derived from the trust instrument, and all who have a share in that right and who may, by survival or other event, become members of the class entitled to the remainder have a beneficial interest in the trust which cannot be destroyed without their consent. (*Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298.)

The appellants seek to distinguish that case on the ground that the consents there withheld were the consents of those persons who would be members of the class entitled to a remainder of the trust fund if the trust terminated immediately, while the consents here withheld are those of infants who cannot share in a remainder in the trust fund unless their parents die before such remainder vests. The distinction is without substance. Though here no grandchild of the settlor can in any contingency share in the income or corpus of the trust estate, unless before the termination of the trust his or her parent, who has already given written consent, dies, yet the grandchild, in case of the death of the parent before the date at which the class is determined, which is to receive a contingent gift from the settlor, will take as purchaser and not as heir or next of kin either of the settlor or any other

ancestor. A person can consent to the destruction of a beneficial interest in a trust which is or may hereafter become vested in him, and thus deprive his heirs or descendants of an expected benefit; yet no person can by his consent destroy an interest, even of his own descendants, derived directly from the trust instrument and not derived from the ancestor by succession.

The present case illustrates with nicety the illusory quality of the attempted distinction. The contingency upon which the contingent remainder in the testator's "heirs" will ripen into enjoyment is the death of both Hermann and Ernst Schoellkopf during the life of the trust without exercising their powers of designation. Hermann Schoellkopf can, therefore, never be a member of the class described in the trust indenture, *i. e.*, a person who would be entitled at that time to share in the distribution of the income or corpus of the estate. Hermann Schoellkopf has four infant children who would if then living be members of the class described. The beneficial interest of these grandchildren in the trust is as certain as that of the settlor's children. None can enjoy any interest in the trust fund who does not survive both of the life tenants, and both of the persons whose lives measure the duration of the trust. All who do survive till then will alike be members of the class then entitled to the remainder, unless such right has been defeated by execution of the power of appointment by one of the life tenants.

The question whether unborn grandchildren are also "persons beneficially interested" in the trust has not been argued and has not been considered by us. We decide now only that the consent of all the living grandchildren is required, for they have received from the trust indenture a right to share in the distribution of the income and corpus of the estate, if at the time of such distribution they are members of the class described in the trust instrument upon whom the instrument confers such right.

That is instinct in our decision in *Whittemore* v. *Equitable Trust Co.* (*supra*).

The judgment should be affirmed, with costs to respondent payable out of the trust estate.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed, etc.