CELESTINE S. SMITH, Plaintiff, *v.* TITLE GUARANTEE AND TRUST
COMPANY, Trustee under a Deed of Trust Dated January 7,
1929, Made by CELESTINE S. HANLON for the Benefit of IRENE
MARIE HANLON, IRENE MARIE HANLON FARRELL, P. EDWARD
HANLON and PETER E. HANLON, Defendants.

First Department, June 27, 1941.

*Sidney A. Clarkson* of counsel [*Benjamin R. Raphael* with him
on the brief; *Hovell, Clarkson & Klupt,* attorneys], for the plaintiff.

*Thomas A. Dwyer* of counsel [*Luke A. Mercadante* with him on the
brief], for the defendants Irene Marie Hanlon Farrell, P. Edward
Hanlon and Peter E. Hanlon.

*William T. Griffin* of counsel [*Joseph V. McKee,* attorney], for
the defendant-trustee.

TOWNLEY, J.   Plaintiff, Celestine S. Smith, formerly Celestine S.
Hanlon, made a deed of trust with the defendant Title Guarantee
and Trust Company on January 7, 1929, and delivered the corpus
thereof which consisted entirely of personal property. The
money was to be held in trust and the income and principal were to
be disposed of pursuant to the five subdivisions of paragraph first of
the deed of trust of which the following two are relevant to this
controversy:

" 1. To apply or pay over such net income toward the cost
of the maintenance, support and education of Irene M. Hanlon,
daughter of the party of the first part, during her minority, and
upon attaining her majority to pay to her any unexpended and
accrued income therefrom, and thereafter to pay all further net
income therefrom to the party of the first part during the term
of her natural life, and upon the death of the party of the first
part the principal thereof, together with any and all accrued interest
thereon, shall be paid over to said Irene M. Hanlon for her own
use and benefit.   *   *   *

" 5. In the event that Irene M. Hanlon attains majority but
predeceases the party of the first part, then on the death of the

party of the first part the principal thereof, together with any and all accrued income therefrom, shall be paid over to said P. Edward Hanlon, if living, but if dead, then to the lawful issue of said P. Edward Hanlon, if any, and if there shall be no such issue, then to the legal representatives of the party of the first part."

On October 31, 1940, the plaintiff sought to revoke the trust by delivering to the trustee a consent to revocation signed by herself, by Irene M. Hanlon, P. Edward Hanlon and Peter E. Hanlon, her husband, all of whom were legally capable of consent and all of whom were the only beneficiaries of this trust then in being. The trustee refused to recognize said revocation and claimed that plaintiff had not obtained the consent of all persons beneficially interested in said trust. At the present time P. Edward Hanlon is unmarried and without issue.

The question before the court is whether there was a valid revocation on October 31, 1940, by the creator of the trust under section 23 of the Personal Property Law. This section provides for revocation of trusts upon the consent of all persons interested. The trustee claims, however, that persons not in being mentioned in the above paragraph are nevertheless beneficially interested in the trust in contemplation of section 23 of the Personal Property Law and that, therefore, a revocation is impossible without the consent of their representative.

It is conceded that there has been no authoritative decision on this point by the Court of Appeals of this State. The Appellate Division, however, laid down the following rule in 1916 in *Cram* v. *Walker* (173 App. Div. 804) which has been uniformly followed: " It seems to me to be clearly the meaning of the statute that a trust in personal property is revocable by the creator thereof upon the consent of all persons *in being* who are beneficially interested therein, and if there be no other person in being who has either a vested or contingent interest in the trust, such revocation is effectual." (Italics ours.)

This rule has been followed in *Aranyi* v. *Bankers Trust Co.* (201 App. Div. 706) and *Thatcher* v. *Empire Trust Co.* (243 id. 430).

The Court of Appeals in its decisions in *Schoellkopf* v. *Marine Trust Co.* (267 N. Y. 358); *Guaranty Trust Co.* v. *Harris* (Id. 1) and *Engel* v. *Guaranty Trust Co.* (280 id. 43) has left this question open. Nothing that was said in the opinions in those cases, however, would seem to justify a departure from the rule long established by the decisions of this court upon which so many trusts have been revoked in the past years.

Judgment should be entered in favor of the plaintiff, without costs.

MARTIN, P. J., and GLENNON, J., concur; DORE and CALLAHAN, JJ., dissent, with opinions.

DORE, J. (dissenting).  The trust created (1) a vested remainder in the settlor's daughter, (2) a first contingent remainder in the settlor's son if the daughter predeceased her mother, (3) a second contingent remainder in the son's issue if he predeceased his sister and leaves issue him surviving, and (4) a third contingent remainder in the settlor's legal representatives who take only if all the prior contingencies were not realized.  Such legal representatives take, therefore, under the deed and not by succession.  Accordingly, assuming the daughter and the son both being legally capable of consent could give up their interest, they may not surrender the contingent remainders of the son's issue and of the settlor's representatives.

Unlike *Doctor* v. *Hughes* (225 N. Y. 305), the surrounding circumstances suggest a purpose " to vary the course of descent or distribution as it would be regulated by law."  Here, contingent gifts in remainder were made to someone other than the settlor's heirs, and the gift to the heirs was made only if the prior contingent remainders failed.  The case, therefore, is within the rule of *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298); *Schoellkopf* v. *Marine Trust Co.* (267 id. 358), and *Engel* v. *Guaranty Trust Co.* (280 id. 43).  The time designated for the settlor's legal representatives to take was not at the death of the settlor but at the time of distribution under the terms of the trust deed.

Judgment should be rendered for the defendants.

CALLAHAN, J. (dissenting).  We need not determine whether unborn issue of P. Edward Hanlon or unborn persons who might be legal representatives of grantor are beneficially interested within the meaning of section 23 of the Personal Property Law.  The indenture created contingent remainders in the two groups mentioned.  There are necessarily some living persons who would be legal representatives of grantor.  These persons would take when and if the contingencies named occurred.  They would take by purchase by reason of an estate granted them in the indenture and not by succession.  Therefore, they have a beneficial interest within the meaning of the statute (Pers. Prop. Law, § 23) which cannot be destroyed without their consent.  If grantor had kept a reversion she might cancel on behalf of her legal representatives, but having created remainder interests in them, she may not do so.  (*Schoellkopf* v. *Marine Trust Co.*, 267 N. Y. 358; *Engel* v. *Guaranty Trust Co.*, 280 id. 43.)

The consents tendered being insufficient, judgment should be rendered for defendant.

Judgment directed in favor of the plaintiff, without costs.  Settle order on notice.