CELESTINE S. SMITH, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, as Trustee, Appellant, and IRENE M. H. FARRELL et al., Respondents.

Argued January 22, 1942; decided March 5, 1942.

*William T. Griffin* and *Joseph V. McKee* for appellant. Persons not in being may have a " beneficial interest," as that term is used in section 23 of the Personal Property Law (Cons. Laws, ch. 41). (*Schmidt* v. *Jewett*, 195 N. Y. 486; *Schoellkopf* v. *Marine Trust Co.*, 267 N. Y. 358; *Williams* v. *Sage*, 180 App. Div. 1.) The gift over to settlor's " legal representatives " is a contingent remainder and the trust is irrevocable. (*Engel* v. *Guaranty Trust Co.*, 280 N. Y. 43; *Griswold* v. *Sawyer*, 125 N. Y. 411; *Greenwood* v. *Holbrook*, 111 N. Y. 465; *City Bank Farmers Trust Co.* v. *Miller*, 278 N. Y. 134.)

*Sidney A. Clarkson* and *Benjamin R. Raphael* for plaintiff, respondent. Persons not in being are not persons " beneficially interested " in the trust. (*Cram* v. *Walker*, 173 App. Div. 804; *Aranyi* v. *Bankers Trust Co.*, 201 App. Div. 706; *Kuntze* v. *Guaranty Trust Co.*, 248 App. Div. 871; *Thatcher* v. *Empire Trust Co.*, 243 App. Div. 430; *Schoellkopf* v. *Marine Trust Co.*, 267 N. Y. 358; *Guaranty*

*Trust Co.* v. *Harris,* 267 N. Y. 1; *Engel* v. *Guaranty Trust Co.,* 280 N. Y. 43; *Mc Knight* v. *Bank of New York & Trust Co.,* 254 N. Y. 417; *Beam* v. *Central Hanover Bank & Trust Co.,* 248 App. Div. 182.)

*Thomas A. Dwyer* and *Luke A. Mercadante* for defendants, respondents. Only the consent of persons in being who are beneficially interested is required for a valid revocation by the creator of a trust in personal property. (*Cram* v. *Walker,* 173 App. Div. 804; *Aranyi* v. *Bankers Trust Co.,* 201 App. Div. 706.)

LEHMAN, Ch. J. In January, 1929, the plaintiff executed a deed of trust and delivered the deed with the property described therein to Title Guarantee and Trust Company, the trustee named in the deed. The trustee thereafter entered upon the discharge of its duties. The deed of trust provided that the income should be applied for the benefit of the daughter of the settlor, Irene M. Hanlon, or paid over to her during her minority, and that the principal was to be paid to the daughter upon the death of the settlor. In the event that the daughter should predecease the settlor, then, the deed provided, that upon the death of the settlor the principal should be paid over to P. Edward Hanlon, the settlor's son, " if living, but if dead, then to the lawful issue of said P. Edward Hanlon, if any, and if there shall be no such issue, then to the legal representatives of the party of the first part [the settlor]. "

The plaintiff now seeks to revoke the trust which she has created. Since the settlor did not in the deed of trust reserve a power to revoke, she can do so only " upon the written consent of all the persons beneficially interested," as provided in section 23 of the Personal Property Law (Cons. Laws, ch. 41). The settlor's daughter and son, Irene M. Hanlon and P. Edward Hanlon, have executed written consents. If they had children now living, such children would have a contingent interest in the trust fund and the settlor could not revoke the trust without their consent. (*Schoellkopf* v. *Marine Trust Co.,* 267 N. Y. 358.)

Here neither son nor daughter has any children. If in the future children should be born to the son, such children would under the trust deed have a contingent interest in the fund. The question here presented is whether unborn children who at birth would, under a deed of trust, be entitled to a contingent remainder in the trust fund if their father should die before his sister and mother, are persons " beneficially interested " in the fund within the meaning of the statute. That question was expressly left open in *Schoellkopf* v. *Marine Trust Co. (supra)*, and in *Engel* v. *Guaranty Trust Co.* (280 N. Y. 43).

By a divided court the Appellate Division has held that the unborn children who at birth would be entitled to a contingent interest are not persons beneficially interested. The same court had so held in *Cram* v. *Walker* (173 App. Div. 804), and in other cases since then had applied the same rule. The parent, it is said, may in such circumstances represent his unborn children and by his consent bind them. The case of *Kent* v. *Church of St. Michael* (136 N. Y. 10, 15, 16) is cited as authority for the rule. In that case the court said: " Under the will of Mrs. Stewart, her grandchildren took vested remainders in the shares of their parents, liable, however, to open and let in after-born grandchildren. Thus the trustees, children and living grandchildren represented the entire estate of Mrs. Stewart, subject, however, to the contingency that there might be after-born grandchildren; and it was upon this contingency that the defendant based its objection to the title tendered to it, the claim being that after-born grandchildren would not be concluded by the judgment which had been rendered, and that their rights would not be affected by the deed given in pursuance of that judgment. The sole question for our determination is whether that claim is well founded." Similar decisions are cited with approval in *Hess* v. *Hess* (233 N. Y. 164).

There can be no doubt that at times living persons may *in litigation* represent unborn children in defense of rights in which the living and the unborn have a common interest.

Here the living claim the right by voluntary deed to destroy the contingent estate of unborn children. In the case of *Kent* v. *Church of St. Michael* (*supra*, p. 17) the court expressly denied to them such right, saying, " The trustees, children and grandchildren of Mrs. Stewart could not cut off or affect the title in the land of unborn grandchildren by any conveyance *in pais*." Here the contingent estate of the unborn grandchildren is created by deed of the settlor. If the contingency should arise upon which an estate would vest in them they would take as purchasers and not by representation through their parent. It is clear that in the absence of statute the written consent of the parent cannot bind his unborn children.

The question remains whether consent of the unborn children, who in some contingency might become entitled to an estate or interest in the trust fund, is required by the *statute* in order to permit a settlor to revoke a trust deed and destroy the unborn child's contingent estate created by the deed. The words " persons beneficially interested " must be strained beyond their usual and natural meaning if construed to include those not in being who might in some contingency be entitled to an estate. If the Legislature intended to permit a trust deed to be revoked only where every person now living who has a beneficial interest, vested or contingent, consents and no person born thereafter could in any possibility become entitled to an estate, then the Legislature has used words which conceal rather than make manifest that purpose.

In the stipulation of agreed facts it is stated or contended that the trust deed " provides for contingent remainders to the lawful issue of defendants Irene Marie Hanlon Farrell and P. Edward Hanlon." There is no statement that either party contends that the trust deed provides for a contingent remainder to the " legal representatives " of the settlor. We think that no such remainder was created. It is at times difficult to draw the line which marks the distinction between the reservation by a settlor of a reversion and the creation by the settlor of a contingent

remainder to the settlor's personal representatives or heirs. (*Doctor* v. *Hughes*, 225 N. Y. 305; *Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298.) Here the parties were justified in assuming that the settlor intended to reserve a reversion.

The judgment should be affirmed, without costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.