THERESA S. LEVY et al., Plaintiffs, *v.* EMPIRE TRUST COMPANY et al., as Trustees, Defendants.

First Department, May 4, 1945.

*Herman Mendes* for plaintiffs.

*John J. Green* of counsel (*Samuel J. Goldsmith,* attorney), for defendants.

CALLAHAN, J. This controversy arises out of the attempted revocation of a trust agreement entered into between the plaintiffs, as settlors, and the defendants, as trustees.

The trust indenture was executed on the 23d of February, 1932, between Theresa S. Levy, Myron Kahn and Ruth Kahn, as settlors, and Empire Trust Company and Myron Kahn, as trustees. Under it the settlors transferred to the trustees certain securities, to hold the same and apply the income therefrom as follows: All income from two thirds of the trust fund was to be paid over to Myron Kahn and Ruth Kahn during their lives. Upon the death of either of these beneficiaries, leaving no issue, the total of such income was to be paid to the surviving life tenant during his or her lifetime. Upon the death of such survivor, the principal, together with accumulated income, was to be paid over as directed by the last will and testament of said survivor. In the event that the said Myron Kahn or Ruth Kahn died leaving issue, then the income of the person so dying was to be paid over and applied towards the support and maintenance of such issue, or accumulated during minority, and the principal paid to such issue upon attaining majority.

As to the remaining one third of the trust estate, all income therefrom was directed to be paid to Theresa S. Levy for her life. Upon her death, $2,500 of the principal of her share was to be paid over to her sister, Rosa Strouse, if she were living, and the balance to Myron Kahn and Ruth Kahn in equal shares. If either of these two beneficiaries last referred to had predeceased Theresa S. Levy, then the share that he or she would have taken, if living, was to be paid over to their respective issue. If either had died leaving no issue, the entire balance was to be paid to the survivor, and if both of them predeceased Theresa S. Levy without issue, then the balance was to be paid as directed in the will of Theresa S. Levy. No further direction was made with respect to payment of the principal in the event Theresa S. Levy, or the survivor between Myron Kahn and Ruth Kahn, made no testamentary disposition.

The revocation herein was dated the 25th of November, 1944, and executed by Theresa S. Levy, Myron Kahn, Ruth Kahn (now Ruth Kahn Rubin), Rosa Strouse, and Phyllis G. Kahn and Herbert Rubin, the last two persons being the wife and husband, respectively, of Myron Kahn and Ruth Kahn Rubin. Theresa S. Levy is the mother of Myron Kahn and Ruth Kahn (now Ruth Kahn Rubin). The last two beneficiaries are married, but neither has any issue.

The corporate trustee concedes that the revocation was adequate as to the Theresa S. Levy trust, but has refused to recognize the adequacy of the revocation as to the Myron Kahn and Ruth Kahn trust, contending, as to this last-mentioned

trust, that the revocation did not contain the consents of all those who were beneficially interested, as required by section 23 of the Personal Property Law.

The basis of this contention is that, as to the Myron Kahn and Ruth Kahn trust, their issue at birth would have vested remainders (subject to being divested), as distinguished from contingent remainders, in the trust created for Theresa S. Levy.

The corporate trustee calls attention to a provision of the Myron Kahn and Ruth Kahn trust which stated: " * * * It being the intention and purpose of this agreement that the share of Myron Kahn in said trust shall be divided equally among his issue; that the share of Ruth Kahn shall be divided equally among her issue."

No disposition over is made of the remainders in the event the issue survive their respective parent-settlors but die before attaining majority. No guardian ad litem has been appointed to represent the interests of the possible lawful issue of Myron Kahn and Ruth Kahn. The corporate trustee resists the attempted revocation on behalf of such unborn issue, contending they would have vested remainders upon birth, and, therefore, such issue would be persons beneficially interested within the meaning of the statute.

For the purpose of this controversy, we will assume the correctness of the contention of the corporate trustee (that, as to the Myron Kahn and Ruth Kahn trust, any possible issue, upon birth, would have vested remainders), nevertheless, we deem the revocation sufficient under the statute.

The parties agree that the answer to the legal question which has arisen is dependent upon the interpretation to be given to the decision of the Court of Appeals in *Smith* v. *Title Guarantee & Trust Co.* (287 N. Y. 500) where it was held that, under section 23 of the Personal Property Law, only living persons were required to consent to revocation. The corporate trustee contends that that decision was intended to extend only to possible unborn children whose interests would be contingent and not to those whose interests would be vested upon birth.

As we read the decision in the *Smith* case, no such distinction was intended. While in that case it did appear that the unborn children claiming to be " persons beneficially interested ", would, at most, have had contingent interests upon birth (and that fact was mentioned in the opinion), we do not consider that that factor in anywise controlled the decision.

When the *Smith* case (*supra*) was before this court (see 262 App. Div. 211), a majority of the justices participating held that

section 23 of the Personal Property Law was to be construed as it had been construed by our earlier decisions, to wit, to require only the consent of persons in being beneficially interested to revoke a trust of personal property. We said that as the question as to the rights of unborn children had been left open in the earlier decisions of the Court of Appeals (*Schoellkopf* v. *Marine Trust Co.*, 267 N. Y. 358; *Guaranty Trust Co.* v. *Harris*, 267 N. Y. 1, and *Engel* v. *Guaranty Trust Co.*, 280 N. Y. 43), we would follow our decisions such as that in *Cram* v. *Walker* (173 App. Div. 804, 806) where Mr. Justice PAGE of this court had said: " It seems to me to be clearly the meaning of the statute that a trust in personal property is revocable by the creator thereof upon the consent of all persons in being who are beneficially interested therein, and if there be no other person in being who has either *a vested or contingent* interest in the trust, such revocation is effectual. * * * ." (Emphasis presently supplied.)

The Court of Appeals in affirming the decision of this court in the *Smith* case (*supra*) likewise referred to our earlier decisions, including that in the *Cram* case (*supra*), as well as to their own decisions, where the question involved had been left open.

Referring to the meaning to be given to the phrase " persons beneficially interested," as found in the statute, the Court of Appeals said (*Smith* case, *supra*, 504): " * * * The words ' persons beneficially interested ' must be strained beyond their usual and natural meaning if construed to include those not in being who might in some contingency be entitled to an estate. If the Legislature intended to permit a trust deed to be revoked only where every person now living who has a beneficial interest, vested or contingent, consents and no person born thereafter could in any possibility become entitled to an estate, then the Legislature has used words which conceal rather than make manifest that purpose."

We construe this to mean that the Court of Appeals likewise intended to hold that, under section 23, " persons beneficially interested " meant persons in being and not possible unborn children who might become entitled upon birth to any estate or interest in the trust fund.

Accordingly, we direct judgment for plaintiffs, without costs.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Judgment unanimously directed for plaintiffs, without costs. Settle order on notice.