J. Vincent Keogh, J.
By a trust indenture, dated February 6, 1950, the deceased, Ernest Kresse, transferred and assigned to himself and petitioner, as trustees, certain property and securities the income from which was to be paid equally to the beneficiaries designated therein. By an instrument dated January 17, 1951, the settlor sought to modify the trust by striking therefrom the name of Lotte Schulze, Jr., a beneficiary named therein, and to insert in place thereof the name of another beneficiary. The trust settlor died in February, 1956 and the surviving trustee has submitted its final account. Objections have been filed to such final account by the said Lotte Schulze, Jr., and by the executors under the last will and testament of the deceased settlor on the ground that the trust was irrevocable and that the settlor was without power to modify same without the consent of all of the beneficiaries.
Paragraph “Ninth” of the trust indenture conclusively shows that the settlor, after being advised by his own attorney *879 as to the distinction between revocable and irrevocable trusts, intended to and did execute an irrevocable trust.. Furthermore, since no right of revocation was reserved in the trust indenture and the settlor parted with all his title to the trust property he could revoke the trust indenture only upon the written consent of all persons beneficially interested therein, in accordance with the provisions of. section 2,3 of the. Personal Property Law; Schoellltopf v. Marine Trust Co. (267 N. Y. 358, 362).
It is found and decided that the trust indenture was irrevocable and that the attempted modification by the settlor is void. The objection of Lotte Schulze., Jr., to the items set forth in Schedule F of the account is allowed and the trustee is surcharged with the amount set forth in said schedule. In all other respeqts the account is approved.
Settle order on notice in accordance herewith.