Francis J. Bloustein, J.
This application under CPLR 7701 to partially revoke the express trust of personal property is granted as requested.
The facts are not in dispute. The settlor created the inter vivos trust concerned in 1939, and $156,692.59 was then transferred to the trustee for the purposes of the trust. Since then the trust principal has increased to the value of about $600,000. The settlor now claims that in view of the increased cost of living, and the death of her daughter, with the consequent imposition upon her of the burden of raising two grandchildren, the payment to the settlor of the income of the trust pursuant to the reservation thereof in the trust instrument is insufficient to meet her needs and those of her grandchildren. She therefore requests a partial revocation of the trust, to the extent of $125,000, $50,000 of which is to be divided between those grandchildren.
In order to effect a revocation of a trust such as created in this case, EPTL 7-1.9 requires the written consent of all the persons beneficially interested. All of the beneficiaries have consented but two of them are minors. A corporate guardian of the estates of these two minors was appointed in California in 1952, and has obtained approval of a California court to consent to the partial revocation sought. It may be noted that *337 petitioner, the two minor grandchildren and one of the other beneficiaries reside in California, and the other beneficiary is a Pennsylvania resident. The sole New York contact is the residence of the successor trustee, which objects to the petition on the ground that the two minors are incapable of consenting thereto, and that the consent of all beneficiaries is a prerequisite to the granting of the relief sought.
Respondent, however, is incorrect in urging that guardians cannot so consent. Not one of the cases cited by it involved a consent given by a guardian of the property of an infant. In Matter of Holman (271 App. Div. 910) the party appearing on behalf of the infant was a special guardian. A special guardian, however, does not have the same authority to deal with his ward’s property as does a guardian of an infant’s property. The latter has custody and management of the infant’s property and pecuniary rights, unlike a special guardian whose function is solely to protect his ward’s interests in a judicial proceeding. Allowance of the relief requested is also in accordance with the statements of Professor Scott, in his treatise on trusts (4 Scott, Trusts, [3d ed.], § 340, p. 2710).
Moreover, and of primary importance in the instant case, a court of another State, more closely connected with the trust, authorized the guardian to consent to the partial revocation of the trust on behalf of the infants who are residents of that State. The contact of this State with the trust is minimal, arising solely out of the residence here of the successor trustee, and the former residence here when the instrument was executed, of the settlor. While the instrument provides that it shall be governed and construed under the laws of New York, this court cannot ignore the order of the California court, above noted, which court has the most interest, and the closest contact with the subject matter. While the infant beneficiaries reside there, it is also the courts of that State which govern their actions.