Thomas P. Parley, J.
This proceeding is brought to revoke an indenture of trust executed on September 9, 1959 between the petitioner, as donor, and the Marine Midland Trust ,Company of New York, as trustee.
The agreement provides for the payment of income to the petitioner for life, and upon his death directs the trustee to dispose the trust res in accordance with the donor’s will. The trustee, in the event the donor fails to exercise the power of appointment by his will, is authorized to retain the property, ■or such part thereof not disposed of by the power of appointment, and pay the income to the donor’s wife for life provided she and the donor at the time of his death were living together as husband and wife. The principal on the death of the wife, or upon the donor’s death (if he and his wife were not husband and wife at such time), is payable to the issue of the donor then living in equal shares per stirpes, or in default of issue, to the distributees of the donor as if he died intestate.
The agreement of trust also authorizes the trustee, in its ,absolute discretion, to invade principal for the benefit of any income beneficiary, and to terminate the trust as to one half thereof when the donor attains the age of 50 years (1973); and to terminate it wholly when he reaches 55 years of age (1978). The instrument further provides the trust is. irrevocable.
On April 3,1968, the petitioner, who has three infant children, announced his intention to revoke the trust, and delivered to the trustee a revocation executed by himself and his wife. The special guardian appointed to protect the interest of the .children, and the trustee, both claim the agreement is irrevocable.
•Section 7-1.9 of the Estates, Powers and Trusts Law (formerly .section 23 of the Personal Property Law) permits the revocation of trusts upon the written consent of all persons beneficially interested and provides in part that “ a disposition, contained in a trust in favor of a class of persons described only as the heirs, next of kin or distributees (or by any term of like import) * * * does not create a beneficial interest in such persons.”
Prior to the amendment of former section 23 of the Personal .Property Law in 1951 (L. 1951, ch. 180), the question frequently arose whether the trust agreement created an irrevocable remainder interest or merely reserved a reversion to the settlor *556 where the trust instrument contained provisions under which the property might ultimately be paid over to the class of persons who would be entitled to the settlor’s property in the event he died intestate. The solution to the problem was determined in accordance with the intention of the settlor as expressed in the particular agreement (Doctor v. Hughes, 225 N. Y. 305; Richardson v. Richardson, 298 N. Y. 135; Matter of Burchell, 299 N. Y. 351). The diversity of opinion that existed in the construction of trust instrument on whether the settlor intended a reversion or remainder, and the volume of litigation on the subject pointed out the necessity for clarifying legislation.
On the recommendation of the Law Revision Commission, former section 23 (now Estates, Powers and Trusts Law, § 7-1.9) was amended in 1951 to resolve this conflict and to permit revocation of a trust by the settlor with the consent of other persons beneficially interested, notwithstanding a gift or limitation contained in the trust in favor of heirs, next of kin, or distributees of the settlor, or by words of like import (1951 Report of N. Y. Law Rev. Comm., p. 83 et seq.). The purpose of the amendment is succinctly stated on page 85 of the report as follows: “ The Commission believes that consent of members ■of a class described in the trust instrument as heirs and next of kin, or as the persons who would take in the event of intestacy, should be dispensed with without regard to the question whether the creator intended the legal result of creating a remainder interest in them. ”
The commission, however, also made clear that it was not .attempting to change existing case law with respect to gifts made to children or issue of the creator of a trust. The report of the commission specifically noted that in such cases, the question presented is whether the persons yet unborn who may later qualify as members of the class are ‘1 persons beneficially interested within the meaning of the statute.” This problem, the commission reported, has been resolved by Smith v. Title Guar. & Trust Co. (287 N. Y. 500) wherein the Court of Appeals held that revocation of a trust was not foreclosed because of the contingency or possibility that there may be other persons not in being or unborn who could become entitled to an estate or interest where the consent of the representatives of the class, in existence and capable of consenting thereto, had been obtained (see 1951 Report of N. Y. Law Rev. Comm., p. 83).
The instrument under consideration provides for the ultimate disposition of the trust principal pursuant to the will of the donor, and if he fails to exercise the power of appointment, the corpus is then directed to be paid over, either on his death or *557 that of his wife, to his then living issue per stirpes or in.default ,of issue, to the donor’s distributees. The donor here has three infant children, and in accordance with the Smith case, the revocation of the trust is not precluded simply because other children may be born later. However, the children now living have a contingent interest in the trust fund, and the donor (cannot revoke without their consent (Smith v. Title Guar. & Trust Co., supra, pp. 502, 503). The children here being infants are incapable of giving their consent (Whittemore v. Equitable Trust Co. of N. Y., 250 N. Y. 298, 300). Furthermore, the special guardian, as distinguished from a general guardian ,(Matter of Burch, 56 Misc 2d 336), appointed to represent the interest of the children is incapable of giving his consent on behalf of the children (Matter of Holman, 271 App. Div. 910).
The conclusion reached here is admittedly at variance with the holding of the Appellate Division, Third Department, in Matter of Warren v. Cropsey (29 A D 2d 290, 292). In that case, the majority of the court, by a three-two vote, determined that a provision for payment of income after the settlor’s death ‘ ‘ to his issue, in equal shares per stirpes, ’ ’ and for payment of principal to his “ grandchildren or their issue, in equal shares, ■per stirpes ’ ’ constituted ‘ ‘ words of like import ’ ’ as heirs, next of kin or distributees within the meaning of the statute (Personal Property Law, § 23), as each phrase actually designated the same class of persons. The dissenting opinion disagreed, and stated (p. 297) a gift in trust to “issue ” and to ‘1 grandchildren or their issue ’ ’ was not intended to be covered by the phrase “or * * * words of like import ’ ’ used in the statute.
This court is persuaded that the reasoning of the dissenting opinion in the Warren case accords with the historical treatment and purpose of the statutory amendment as expressed in the report of the Law Revision Commission. The Warren case, however, may be distinguished on other grounds. The corpus of the trust consisted of 1,300 shares of preferred stock having a value of $13,000. The settlor, during his life, and while he ,was sole trustee and income beneficiary, withdrew the stock .from the trust and replaced it with an equivalent amount of cash in accordance with a power reserved to the trustee to sell or exchange securities upon such terms as he deems advisable. After the settlor’s death, a proceeding was brought to require the transferee to return the stock to the trust. That proceeding was not one to revoke a trust as it had become irrevocable in any event on the settlor’s death. Furthermore, it would appear that dismissal of the proceeding could have been predicated *558 on a finding that the transfer was authorized by the power reserved by the settlor to himself as sole trustee during his life without reaching the question of whether the trust was revocable pr not. Finally, the determination of whether the word “ issue ” or “ grandchildren or their issue ” was synonymous with the phrase “heirs, next of kin, or distributees or words of like import ’ ’ was made after the death of the creator of the trust ,when the class of persons who might share in his estate was fully ascertainable. The petition is dismissed.