Bernard Nadel, J.
This proceeding, instituted under CPLR 7701, seeks an order confirming that a certain inter vivos trust has been revoked pursuant to EPTL 7-1.9 upon the consents of the donor and all interested parties, including minors, by the general guardian of the property, and directing distribution of the assets.
The question presented is whether the guardian of the property of an infant has the power to consent, on behalf of his ward, to the revocation of a trust under EPTL 7-1.9.
Prior to the legislation adopted upon the recommendation of the Bennett Commission, revocation of an inter vivos trust was authorized upon written consents of all persons beneficially interested in the trust (Real Property Law, § 118 and Personal Property Law, § 23). Both these sections are now embraced in EPTL 7-1.9. On this recodification all aspects of the law were considered. No change was made in the law with respect to the consent of beneficiaries under a disability, such as the minors involved in this application. The unanimous consent of all beneficiaries was and is required. Infants could not consent then, and they cannot consent now (Whittemore v. Equitable Trust Co. of N. Y., 250 N. Y. 298; Matter of Dodge, 25 N Y 2d 273).
Petitioner relies primarily on Matter of Burch (56 Misc 2d 336, affd. 30 A D 2d 1049) where the court discussed the powers of special and general guardians and granted partial revocation. The consent was by a corporate guardian of the property of infants, appointed in California. The corporate guardian obtained the approval of the California court to consent to the partial revocation. The only New York contact was the residence of the successor trustee. The decision was based on the *162 special circumstances of that case. The court stated (p. 337): 1‘ Moreover, and of primary importance in the instant case, a court of another State, more closely connected with the trust, authorized the guardian to consent to the partial revocation of the trust on behalf of the infants who are residents of that State. The contact of this State with the trust is minimal ”.
That infants cannot consent to the revocation of an inter vivos trust was reiterated in Matter of Dodge (supra). The court discussed EPTL 7-1.9 and stated (p. 285): ‘ ‘ Although the statute evinces a public policy in favor of easier revoeability of inter vivos trusts, the amendments were designed to remedy a narrow problem and, therefore, the statute should be strictly construed. A liberal interpretation will only open up the door to a new host of litigation and that was what the statute intended to avoid.
“ The settlor’s children, sisters, nieces and nephews who are presently in existence and who concededly, under other provisions of the EPTL, have a beneficial interest in the trust property, are also beneficially interested for purposes of 7-1.9. Since the settlor’s sisters have not consented to revocation and since the infants cannot consent, the settlor has not validly revoked the trust.” (Italics added.)
The application is denied and the petition is dismissed.