■   In the Matter of SIDNEY MICHAEL et al., as Trustees under a Trust Made by EDWARD MICHAEL for the Benefit of MIRIAM M. SCHOENEMAN, Appellants. STEPHANIE D. GAYNOR et al., Respondents. In the Matter of SIDNEY MICHAEL et al., as Trustees under a Trust Made by EDWARD MICHAEL for the Benefit of FRANCES M. RANDALL, Appellants. STEPHANIE D. GAYNOR et al., Respondents. In the Matter of SIDNEY MICHAEL et al, as Trustees of the Trust Made by ETHEL MICHAEL for the Benefit of MIRIAM M. SCHOENEMAN and Another, Appellants. ROBIN C. RANDALL et al., Respondents.— Three judgments, Supreme Court, New York County, each entered on April 29, 1971, affirmed on the opinion of Nadel, J., at Special Term, without costs and without disbursements. Concur — McGivern, J. P., Markewich, McNally and Eager, JJ.; Kupferman, J., dissents in the following memorandum: The court at Special Term aptly analyzed the current state of the law with respect to the question of the revocation of an *inter vivos* trust. We have come through a long history of analyses of instruments to determine whether there was a reversion or a remainder, for the purpose of determining whether a settlor could revoke and whether other consents are needed from heirs or next of kin. (See, e.g., *Richardson* v. *Richardson,* 298 N. Y. 135, where at page 138 the doctrine of "worthier title" is discussed; also, Note, Trusts, Modification of Irrevocable Trusts Through Appointment of a Guardian For Unborn Heirs — Repudiation of Worthier Title Doctrine, 66 Col. L. Rev. 1552.) To avoid the continuing possibility of a cold shoulder toward the question of getting consents from those who could not consent, section 118 of the Real Property Law and section 23 of the Personal Property Law, both now embraced in EPTL 7–1.9, were enacted. It should no longer be necessary to reach and strain to find an out when the circumstances clearly warrant revocation. (See, e.g., *Matter of Coyle,* 280 App. Div. 857, affd. without opn. 305 N. Y. 809.) In the present case, it is conceded that the revocation is beneficial to the minor parties who have consented to the revocation through their general guardians. In fact, the guardian ad litem specifically so indicates. We therefore approach the crucial question of whether infants who cannot themselves consent (*Matter of Dodge,* 25 N Y 2d 273, 285) may do so through a guardian of property or a general guardian. To avoid the continuing chill of the dead hand of the feudal system, I would reverse and answer the question in the affirmative. I am fortified in this by the determination in *Matter of Burch* (56 Misc 2d 336, affd. without opn. 30 A D 2d 1049), although I recognize that the case may rest on the basis that a California court had already granted approval for the consent there involved, and the New York contacts were minimal. [70 Misc 2d 161.]

■   MARGARET RIVERS, an Infant by Her Mother and Natural Guardian, LUCILLE RIVERS, et al., Respondents, v. AVIS RENT A CAR SYSTEM, INC., et al., Appellants, and RONALD A. BRYANT, Respondent.— Order, Supreme Court, New York County, entered on December 16, 1971, denying defendants' motion for leave to withdraw the appearance of defendant Lopez, unanimously affirmed, without costs and without disbursements. We agree with Special Term that the motion to withdraw the appearance of defendant Lopez should be denied without prejudice to the raising of the jurisdictional issue in an amended answer. We would add, however, that the parties may move after service of such amended answer for a preliminary trial of that limited issue, if so desired. Concur — Stevens, P. J., Murphy, Steuer, Eager and Capozzoli, JJ.