OPINION OF THE COURT
Renee R. Roth, S.
The issue in this proceeding seeking to invade principal of an inter vivos trust is whether unborn contingent remainder- *1030 men are "persons beneficially interested”, whose consent is required under the governing statute, EPTL 7-1.6 (a).
Katharine Burden, now deceased, created this trust in 1935 for the life income benefit of her husband. The trust agreement provides that upon the husband’s death (which occurred in 1978) the trust continues for the life income benefit of settlor’s three children with one third of the remainder distributed on the death of each child to his or her issue or, in the absence of issue, to the settlor’s issue, per stirpes.
The current income beneficiaries, settlor’s three children, are in need of financial assistance. Their only source of income, the trust and social security, is insufficient to cover their fixed expenses. The trustees, therefore, request authority to make an annual distribution to each income beneficiary of a sum equal to 5% of the market value of his or her one-third share of the trust, in a total amount not exceeding $600,000, to be paid from net income with the balance from principal. The entire trust principal is valued at over $4,700,000. The agreement is silent as to invasion of principal.
EPTL 7-1.6 (a), which governs trusts created before 1966, provides that invasion of principal may be authorized for the support or education of an income beneficiary where such beneficiary is indefeasibly entitled to all or any part of principal or, if the income beneficiary has no interest in principal, where "aZZ persons beneficially interested in the trust are adult and competent and consent thereto in writing” (emphasis added) and the court is satisfied that the settlor’s original purpose cannot be carried out and that such allowance effectuates the settlor’s, intention.
The children of the income beneficiaries, all adult and competent, have consented to the requested distribution. Although none of these children has any children, their unborn issue have a contingent remainder interest in the principal and would be entitled to a share, should their parent predecease the income beneficiary from whom the parent takes. Thus, the question presented is whether unborns, who at birth would have a contingent remainder in the trust, are "persons beneficially interested”, whose consent to invade principal is required under EPTL 7-1.6 (a). There is no statutory definition of "persons beneficially interested” and no cases construing this term as it is used in EPTL 7-1.6 (a). There are, however, cases construing the same language in EPTL 7-1.9, which governs amendment or revocation of a trust by the creator. In those cases, the Court of Appeals has held that the class of "persons *1031 beneficially interested” does not include unborn persons and only persons in being are required to consent to a revocation or modification of a trust (see, e.g., Matter of Dodge, 25 NY2d 273; Matter of Peabody, 5 NY2d 541; see also, Smith v Title Guar. & Trust Co., 287 NY 500). In Smith v Title Guar. & Trust Co. (supra, at 504), the Court observed that "[t]he words 'persons beneficially interested’ must be strained beyond their usual and natural meaning if construed to include those not in being who might in some contingency be entitled to an estate”.
The enactment of EPTL 7-1.6 manifests the Legislature’s clear intent to liberalize the circumstances under which principal may be used for the support of a needy income beneficiary (see, Matter of Bross, 167 Misc 2d 37, 39). The purpose of such statute would be frustrated if it could be applied only when there is no possibility that an unborn person could, in any contingency, become entitled to an interest in the trust. Indeed, there would be virtually no point to the statute if it could apply only where the remainder was completely vested. The words used by the Legislature do not evince an intent to so restrict the statute.
Based upon the foregoing, it is concluded that the term "persons beneficially interested”, as used in EPTL 7-1.6 (a), does not include unborn persons.
Finally, the trust establishes settlor’s intent to benefit her children after her husband’s death. The income is, however, insufficient for their needs because of changed circumstances, which settlor did not contemplate in 1935 when she created the trust. Invasion would clearly effectuate the settlor’s intent to benefit her children, the natural objects of her bounty.
The application is accordingly granted.