BENJAMIN C. RIBMAN, Appellant, v. CITY BANK FARMERS TRUST COMPANY, et al., Respondents, et al., Defendants.— In an action to revoke an unfunded insurance trust agreement, plaintiff appeals from an order dated February 29, 1944, granting reargument and adhering to a decision expressed in the original order dated November 26, 1943, which denied his motion for judgment on the pleadings and directed that judgment be entered dismissing the complaint. Plaintiff also appeals from the original order and from the judgment entered on the order on reargument. Order, on reargument, and judgment appealed from, reversed on the law, without costs, and the motion granted, without costs, directing that judgment be entered as prayed for in the complaint, without prejudice to any lien for its expenses which the trustee may have on the property constituting the corpus of the trust fund. Appeal from the original order dismissed, without costs. The settlor's infant daughter was not a person beneficially interested in the trust. Her consent to its revocation was, therefore, unnecessary. The trust agreement created a beneficial interest only in favor of the settlor's wife. She alone was to receive the entire income derived from the trust property during her life and invasions of the principal by the trustee were permitted to be made only in her favor. She alone had power to dispose of the remaining principal. Specification in article fourth of the purposes for which the principal might be invaded indicated that the wife's needs also included such provision for the education, care, comfort, support and wedding of the daughter as the trustee might deem necessary. By such specification, doubt that the wife's needs included provision for the daughter, at least during her minority, was removed. Compare *Pruyn* v. *Sears* (96 Misc. 200) and *Robinson* v. *Robinson* (173 Misc. 985) where testamentary trusts had failed to make a similar specification and questions arose as to whether provisions for the support of a beneficiary might be extended in favor of members of the beneficiary's family. Although the settlor's daughter might derive some incidental benefits from the execution of the provisions of article fourth, we do not construe the article as creating a beneficial interest in her favor. (1 Scott on Trusts, § 126.) Article thirteenth of the trust agreement, granting the trustee power to purchase a life insurance annuity " for the said wife of said Settlor and/or of the child of said Settlor * * *

if the Settlor's said wife shall so designate ", created no beneficial interest in the infant until the settlor's wife exercised her power of designation. As a possible designee, her rights were no greater than those of a possible appointee under a power of appointment. Such appointees have not been regarded as persons beneficially interested in a trust. (*City Bank Farmers Trust Co. v. Neary*, 27 N. Y. S. 2d 979, not officially reported.) Moreover, the wife's consent to the revocation of the trust may be regarded as a renunciation of her power and right to designate her daughter as the beneficiary of a life insurance annuity. (*McEvoy* v. *Central Hanover Bank & Tr. Co.*, 274 N. Y. 27, 33; *Matter of Herb*, 163 Misc. 441, 450.) Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.