■ WILLIAM H. STOVER, Plaintiff, v. MORRIS GARBER, as Successor Trustee Under Trust for the Benefit of WILLIAM H. STOVER, Defendant.— Submitted controversy unanimously determined in favor of plaintiff, without costs, in accordance with Memorandum. Memorandum: This controversy upon an agreed statement of facts is submitted to this court for determination in the first instance pursuant to CPLR 3222 (subd. [b], par. 3). Plaintiff, settlor, seeks to revoke a trust created by him on May 16, 1962 by an instrument which

provided that the trustees should pay to the settlor the net income, together with such portions of principal as the settlor should deem necessary for his own care and maintenance, and such sums as he might desire for charitable purposes and the care and education of his children. Upon the settlor's death, distribution of the remainder was to be as appointed in the settlor's will. The fact that the trust agreement contains a provision that it shall be irrevocable does not prevent its revocation under section 23 of the Personal Property Law, so long as all persons beneficially interested have consented thereto (*Franklin* v. *Chatham Phenix Nat. Bank & Trust Co.*, 234 App. Div. 369; *Aranyi* v. *Bankers Trust Co.*, 201 App. Div. 706). The consents of settlor's children and charities, which might receive a gift payable from trust assets if the settlor should so decide, are not required. The possibility of receiving such a gift, which lies solely within the discretion of the settlor, does not bestow upon them a beneficial interest in the trust. (*Ribman* v. *City Bank Farmers Trust Co.*, 268 App. Div. 800.) It is not necessary that the trustee consent (3 Scott, Trusts, § 337, p. 2447). Nor need the law firm which has a claim for agreed compensation for legal services rendered by it. The latter had no beneficial interest or right in the trust funds conferred upon it by the trust agreement. (See *Schoellkopf* v. *Marine Trust Co.*, 267 N. Y. 358, 362.) The interest which it obtained by reason of the settlement and escrow agreements executed subsequent to the trust instrument may adequately be protected by the order to be issued on the trustee's accounting. Judgment should be entered in favor of plaintiff revoking the trust. (Submitted controversy as to revocation of a trust.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.