■ In the Matter of RUTH ROTH, Respondent, v EDWARD A. LIPTON, Appellant.—Judgment, Supreme Court, New York County, entered July 13, 1979, which, *inter alia,* declared a trust agreement, dated June 22, 1966, effectively revoked, unanimously modified, on the law, without costs or disbursements, to the extent of striking the first decretal paragraph, amending the second decretal paragraph to restrain the trustee from expending or removing any of the trust funds from the depository or incurring any obligation against the trust estate without written consent of the settlor except to pay any carrying charges and at least $18,000 per year to the settlor, deleting the word final from the third decretal paragraph, remanding the matter for further proceedings to determine the entire class of persons beneficially interested in the trust and for any other appropriate proceedings in connection therewith, and for an accounting, and, except, as thus modified, affirmed. In 1966, the settlor created an irrevocable *inter vivos* trust which was to provide her for life with income not less than $18,000 per year. The trustee, who was the draftsman, was authorized to invade the principal in the event that the net income from the trust was deemed insufficient for the settlor's "person, proper maintenance and care." The trust agreement further provided that upon the settlor's death, the entire principal plus accumulated income, was to be paid to her sons, Conrad Roth and Michael Roth, with the alternate provision that: "In the event that Conrad Roth or Michael Roth shall predecease the Grantor then and in that event the principal of said trust shall be paid upon the death of the Grantor to the distributees of any deceased sons per stirpes and not per capita, according to the laws of descent and distribution of the State of New York." In May of 1979 the settlor brought this proceeding to revoke the trust agreement on the ground that pursuant to EPTL 7-1.9 all of the persons beneficially interested in the trust had consented to its revocation. Annexed to the petition, which alleged that the only persons beneficially interested in the trust, besides the settlor, were her sons, was the duly executed revocation of the settlor and the consent of both Conrad and

Michael Roth. Special Term declared the trust revoked and, finding an accounting rendered by the trustee pursuant to an earlier decision of this court (68 AD2d 819) to be totally inadequate, directed the trustee to prepare a final accounting. We now affirm Special Term's finding that the accounting was totally inadequate, and reject the argument that the trust agreement does not require the trustee to account. In light of the circumstances under which the trust instrument was drawn, we look askance at any provision waiving an accounting of the trustee's stewardship. Moreover, we note that on an earlier appeal we directed the trustee to account. The matter must, however, be remanded inasmuch as it is obvious that a class of remaindermen may exist who would have a contingent interest in the trust fund and whose possible existence was not considered in the proceeding at Special Term. The trust agreement disposes of the corpus of the trust upon the settlor's death by providing for payment to the settlor's sons and in the event that any son predeceases her, by payment to the son's distributees per stirpes. The latter provision created a remainder, rather than a reversion, since the sons' distributees would not necessarily be the same as the distributees of the settlor. Thus, the sons' potential distributees, if living, have a beneficial interest in the trust, contingent upon the son, whose distributees they are, predeceasing the settlor, and the trust cannot be revoked without their consent. *(Schoellkopf v Marine Trust Co.,* 267 NY 358.) In this connection any possible unborn children of the settlor's sons are not "persons beneficially interested" within the contemplation of EPTL 7-1.9. (See *Smith v Title Guar. & Trust Co.,* 287 NY 500, 504.) To revoke a trust only the consent of beneficially interested persons is required. On remand Special Term should ascertain whether the sons have potential distributees now living. If so, a revocation without their consent is impermissible. Finally, we remand for an accounting rather than a final accounting as ordered by Special Term since without a proper revocation the question of a final accounting is premature. Moreover, our determination is without prejudice to any application to remove the trustee. Concur—Kupferman, J. P., Sandler, Sullivan, Bloom and Silverman, JJ.