█ In the Matter of the Proceeding to Remove DAVID M. MERGENHAGEN as Trustee of the Irrevocable Trust of MELVIN D. MERGENHAGEN and GERALDINE R. MERGENHAGEN, Dated June 26, 1991. (Proceeding No. 1.) In the Matter of the Proceeding to Remove DAVID M. MERGENHAGEN as Trustee of the Irrevocable Trust of MELVIN D. MERGENHAGEN and GERALDINE R. MERGEN-HAGEN, Dated October 10, 1994. (Proceeding No. 2.) CAROL A. SKRETNY et al., Appellants; DAVID M. MERGENHAGEN et al., Respondents. [856 NYS2d 389]—

Appeal from a decree and order (one paper) of the Surrogate's Court, Erie County (Barbara Howe, S.), entered March 14, 2007. The decree and order, insofar as appealed from, dismissed the petitions to remove respondent David M. Mergenhagen as trustee of the subject trusts and directed him to file the termination of trust dated October 10, 1994.

It is hereby ordered that the decree and order insofar as appealed from is unanimously reversed on the law without costs,

the petitions are granted in part, the termination of trust dated October 10, 1994 is vacated, respondent David M. Mergenhagen is removed as trustee from the 1991 and 1994 irrevocable trusts, he is directed to account forthwith for all money and other property received by him with respect to those trusts and the matter is remitted to Surrogate's Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioners appeal from a decree and order that dismissed the petitions in proceeding Nos. 1 and 2 seeking, inter alia, to remove respondent David M. Mergenhagen as trustee from two irrevocable family trusts, one established in 1991 (1991 trust) and the other established in 1994 (1994 trust). We note at the outset that, while petitioner Carol A. Skretny is barred by waiver and/or laches from seeking to annul the revocation of the 1991 trust because she executed the termination of trust instrument 12 years before instituting proceeding No. 1, petitioner Brian A. Skretny is not barred from seeking that relief because there is no evidence that Brian Skretny, a grandchild and contingent beneficiary who was 21 years of age at the time of the revocation, was aware of the existence of the 1991 trust or its purported revocation until shortly before he sought "to join" in these proceedings. In addition, respondents have shown no prejudice resulting from Brian Skretny's delay in seeking to join in these proceedings (*see generally 149 Clinton Ave. N. v Grassi*, 51 AD2d 502, 506-507 [1976]).

We reject respondents' contention that revocation of the 1991 trust was valid because the grantors had been mistaken with respect to the nature of the trust (*see* 106 NY Jur 2d, Trusts § 593 n 11), and we instead conclude that the 1991 trust was not validly revoked. A trust may be revoked "[u]pon the written consent . . . of all the persons beneficially interested in a trust of property" (EPTL 7-1.9 [a]). Contrary to the determination of Surrogate's Court, the grandchildren of the grantors, who have a contingent remainder interest in the 1991 trust, are persons beneficially interested in the trust (*see Schoellkopf v Marine Trust Co.*, 267 NY 358, 364 [1935]; *see also Rosner v Caplow*, 90 AD2d 44, 45-46 [1982], *affd* 60 NY2d 880 [1983]; *Matter of Roth v Lipton*, 73 AD2d 560, 561 [1979]), and they did not execute a written consent to its revocation as required by EPTL 7-1.9 (a). Rather, only the grantors and their children executed a document purporting to revoke the 1991 trust and, indeed, because the grandchildren were minors at the time of the purported revocation, they could not have consented to it (*see Matter of Dodge*, 25 NY2d 273, 285 [1969]; *Matter of Holman [First Natl. Bank of Amsterdam]*, 271 App Div 910 [1946]). Although the Surrogate relied on *Stover v Garber* (25 AD2d 488 [1966]), the

facts in that case are readily distinguishable from those herein inasmuch as all those with an actual beneficial interest in the trust in that case consented to its revocation. We also note that the narrow exception to the requirement of consent from all beneficially interested persons set forth in *Matter of Cord* (58 NY2d 539, 545-546 [1983], *rearg denied* 60 NY2d 586 [1983]) is inapplicable here. The record does not demonstrate that the revocation of the 1991 trust and the establishment of the 1994 trust "could only have added to and not cut down on the benefits available to the beneficiaries" (*id.* at 546).

Because the consent of all persons beneficially interested in the 1991 trust was not obtained prior to its revocation, that trust was not revoked and it continues to exist. Whether the beneficiaries have suffered actual harm as a result of the redistribution of the assets of that trust, in light of the gifts they have received over the years from the grantors, cannot be determined without a detailed accounting tracing the distribution of all of the assets that comprised the 1991 trust.

We further conclude that the Surrogate abused her discretion in failing to remove David Mergenhagen as trustee of both the 1991 and 1994 trusts. David Mergenhagen owed to the trusts a duty of undivided loyalty, which "prohibits a trustee from even placing himself [or herself] in a position of potential conflict with his or her duty to the trust" (*Sankel v Spector*, 33 AD3d 167, 172 [2006]; *see also Birnbaum v Birnbaum*, 73 NY2d 461, 466 [1989], *rearg denied* 74 NY2d 843 [1989]; *Matter of Rothko*, 43 NY2d 305, 319 [1977]). The loyalty of David Mergenhagen to his mother, the surviving grantor of the trusts, placed him in conflict with his duty as trustee, as evidenced by his administration of the trust for his mother's benefit despite the express language of the trust instrument prohibiting such conduct. In addition, his open hostility toward the other beneficiaries directly conflicts with his duty to the trust where, as here, that hostility has "interfere[d] with the proper administration of the trust" (*Matter of Rudin*, 15 AD3d 199, 200 [2005], *lv denied* 4 NY3d 710 [2005]). Indeed, the Surrogate found that David Mergenhagen acted in derogation of his duties to the 1994 trust by, inter alia, allowing one of the grantors to manage the trust until the grantor's death in 2002, failing to keep formal trust books, and failing to issue the semiannual reports required by the trust, and the record establishes that David Mergenhagen and his mother admitted that nontrust money was commingled with trust funds through the trust account (*see Matter of Hall*, 275 AD2d 979, 980 [2000]).

We therefore reverse the decree and order insofar as appealed

from, grant the petitions in part, vacate the document terminating the 1991 trust, remove David Mergenhagen as trustee from the 1991 and 1994 trusts, direct him to account forthwith for all money and other property received by him with respect to those trusts and remit the matter to Surrogate's Court for further proceedings consistent with our decision. Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.