■ CAPITAL HEAT, INC., Respondent, v MICHAEL R. BLATNER FAMILY TRUST et al., Defendants. JOHN R. BLATNER et al., Interpleader Plaintiffs, v DEBORAH A. BLATNER, Interpleader Defendant-Appellant. [882 NYS2d 632]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered April 1, 2008. The order, insofar as appealed from, granted the motion of plaintiff for partial summary judgment against defendant Michael R. Blatner Family Trust.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, plaintiff's motion is denied and those parts of the fourth and fifth ordering paragraphs with respect to plaintiff are vacated.

Memorandum: Interpleader defendant, Deborah A. Blatner, appeals from an order that, inter alia, granted plaintiff's motion seeking partial summary judgment against defendant Michael R. Blatner Family Trust (Trust) in the amount of $39,258.46, together with interest. The Trust was formed by Michael R. Blatner in 1995 for the benefit of Deborah Blatner and the descendants of Michael Blatner, and defendant John R. Blatner was named as trustee. The Trust owned two life insurance policies (policies), and plaintiff, Michael Blatner's former employer,

paid premiums for those policies in the total amount of $39,258.46. Michael Blatner resigned from his position with plaintiff on or before December 31, 2005.

On May 2, 2007, John Blatner, in his capacity as trustee, entered into a Split-Dollar Agreement (Agreement) with plaintiff, acknowledging therein that plaintiff had paid the above premiums and providing that, inter alia, plaintiff was entitled to receive an amount equal to the lesser of the then-cash surrender value of the policies or the total premiums paid by plaintiff in the event that the employment of Michael Blatner with plaintiff terminated for a reason other than his death. The Agreement also provided that plaintiff was entitled to identical reimbursement upon the termination of the Agreement, which could be accomplished by way of a written notice provided by either of the parties to the Agreement. John Blatner was an employee of plaintiff when the Agreement was executed and has acknowledged that he became a shareholder of plaintiff in 2005.

On the same day on which it entered the Agreement, plaintiff gave written notice to John Blatner pursuant to the terms of the Agreement seeking payment in the amount of the premiums it had paid. Plaintiff thereafter commenced this action when it did not receive that payment. The Trust and John Blatner commenced an interpleader action against Deborah Blatner, and plaintiff subsequently moved for partial summary judgment against the Trust.

We conclude that Supreme Court should have denied plaintiff's motion, inasmuch as there is an issue of fact whether John Blatner breached his fiduciary duty with respect to the Trust by entering into the Agreement. A fiduciary's duty requires " '[n]ot honesty alone, but the punctilio of an honor the most sensitive' " (*Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 270 [1990], quoting *Meinhard v Salmon*, 249 NY 458, 464 [1928]), with "undivided and undiluted loyalty to those whose interests the fiduciary is to protect" (*Birnbaum v Birnbaum*, 73 NY2d 461, 466 [1989], *rearg denied* 74 NY2d 843 [1989]; *see Matter of Mergenhagen*, 50 AD3d 1486, 1488 [2008]). In our view, the involvement of John Blatner with plaintiff when the Agreement was executed creates issues of fact whether he acted with "undivided and undiluted loyalty" to the Trust and its beneficiaries, and thus whether Deborah Blatner, as a beneficiary of the Trust, is entitled to have the Agreement set aside (*Birnbaum*, 73 NY2d at 466; *see generally Matter of Rothko*, 43 NY2d 305, 318-319 [1977]; *Albright v Jefferson County Natl. Bank*, 292 NY 31, 40 [1944]). Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.