■ In the Matter of the Estate of PAULA M. VENEZIA, Deceased. JOANNE ZACCARIA, Appellant; EDWARD HAYES PENNINGTON III, Respondent. [896 NYS2d 452]—

In a probate proceeding, the petitioner, Joanne Zaccaria, appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Kings County (Torres, S.), dated October 16, 2007, as, after a hearing, granted those branches of the motion of the objectant, Edward Hayes Pennington III, which were to disqualify her from serving as executrix for the estate of Paula M. Venezia and to reinstate letters of administration previously issued to the objectant.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the motion of the objectant, Edward Hayes Pennington III, which was to disqualify the petitioner is granted only to the extent of requiring the petitioner to retain new counsel for the estate and that branch of the motion is otherwise denied, that branch of the motion which was to reinstate letters of administration previously issued to the objectant is denied, and the matter is remitted to the Surrogate's Court, Kings County, for further proceedings in accordance herewith.

The right of a testator or testatrix to designate, among those legally qualified, who will settle his or her affairs, is not to be lightly discarded (see Matter of Flood, 236 NY 408, 410 [1923]; Matter of Leland, 219 NY 387, 393-394 [1916]). However, the Surrogate may disqualify an individual from receiving letters of administration where friction or hostility between such individual and a beneficiary or a co-administrator or co-administratrix, especially where such individual is at fault, interferes with the proper administration of the estate, and future cooperation is unlikely (see Matter of Mergenhagen, 50 AD3d 1486, 1488 [2008]; Matter of Rudin, 15 AD3d 199 [2005]; Matter of Duell, 258 AD2d 382 [1999]; Matter of Jurzykowski, 36 AD2d 488 [1971], affd 30 NY2d 510 [1972]; Matter of Edwards, 274 App Div 244 [1948]; Matter of Thompson, 232 AD2d 219 [1996]).

The objectant sought to remove the petitioner as executrix on the ground that she was unqualified to serve given her selection of counsel against whom the objectant had been adversarial in a

prior conservatorship proceeding and with whom he had a hostile relationship. Notably, the evidence adduced at the hearing demonstrates that the objectant was the source of the friction and hostility between himself and the petitioner and her counsel. Moreover, the record is bereft of evidence that the petitioner was unqualified to serve as executrix for the subject estate or that she committed misconduct (*see* SCPA 707 [1]; 711 [8]). In sum, the record demonstrates that it was the objectant himself who was primarily responsible for any interference with the proper administration of the estate. Under the circumstances, the Surrogate's Court improvidently exercised its discretion in disqualifying the petitioner from serving as executrix (*see* SCPA 707 [2]).

Although the record does not demonstrate that counsel retained by the petitioner acted improperly, given the hostility the objectant harbors for the petitioner's counsel, and since it is unlikely that the objectant will cooperate with counsel in the future, we determine that the petitioner should obtain new counsel, and letters of administration previously issued to the objectant should not be reinstated. The matter should be remitted to the Surrogate's Court, Kings County, for the issuance of letters testamentary to the petitioner.

In light of our determination, we need not address the petitioner's remaining contentions. Dillon, J.P., Florio, Belen and Roman, JJ., concur.